# EXHIBIT B

## Proposed Sale Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SEARLES VALLEY MINERALS INC., *et al.*,[1] | ) | Case No. 26-10966 |
| Debtors. | ) | (Jointly Administered) |
| | ) | Related Docket No(s). |

**ORDER (A) APPROVING THE SALE OF [CERTAIN OF] THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for an order (this "**Order**") (a) authorizing and approving the entry into and performance under the terms and conditions of that certain [Asset Purchase Agreement], substantially in the form attached hereto as **Exhibit 1**, and which for purposes of this Order shall include all exhibits, schedules and ancillary documents related thereto and hereto, including the [Ancillary Documents] (collectively, and as may be amended, supplemented or restated, the "**Purchase Agreement**"), by and among the Seller Debtors and [_________] (the "**Buyer**"); (b) approving the sale (collectively, and including all actions taken or required to be taken in connection with the implementation and consummation of the Purchase Agreement, the "**Sale Transaction**") of [certain] [all] of the assets of the Debtors as

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Searles Valley Minerals Inc. (9263); Trona Railway Company LLC (3177); and Searles Domestic Water Company LLC (N/A). The location of Searles Valley Mineral Inc.'s corporate headquarters and the Debtors' service address is 9401 Indian Creek Parkway, Suite 1000, Overland Park, Kansas 66210.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Purchase Agreement, as applicable.

set forth in the Purchase Agreement (the "**Transferred Assets**"), free and clear of all claims, liens, interests, and encumbrances (other than Assumed Liabilities and Permitted Encumbrances); (b) authorizing the assumption and assignment of certain executory contracts and unexpired leases (the "**Assigned Contracts**") and the assumption of the Assumed Liabilities, each as more fully described in the Purchase Agreement; and the Court having held a hearing on [______], 2026 (the "**Sale Hearing**") to consider the Motion and to consider approval of the Sale Transaction; and the Court having reviewed and considered the relief sought in the Motion with respect to the Sale Transaction, the declarations submitted in support of the Motion, all objections to the Motion and the Debtors' responses thereto at the Sale Hearing, and the arguments of counsel made, and the declarations admitted into evidence at the Sale Hearing; and all parties in interest having been heard or having had the opportunity to be heard regarding the Sale Transaction and the relief requested in this Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion and the Sale Hearing been given under the particular circumstances and in accordance with the Bidding Procedures Order; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**FOUND, CONCLUDED, AND DETERMINED THAT[3]:**

A. A reasonable opportunity to object or to be heard regarding the requested relief has been afforded to all interested parties and entities.

B. On [______], 2026, the Court entered an order [Docket No. ___] (the "**Bidding Procedures Order**"), which, among other things, (i) authorized and approved the Bidding Procedures in connection with the sale of [certain] [all] of the assets of the Debtors (the "**Assets**"); (ii) approved procedures for the assumption and assignment of contracts and noticing of related Cure Payments; (iii) approved the form and manner of notice of the Auction and the Sale Hearing, (iv) scheduled the Sale Hearing and set other related dates and deadlines; and (iv) granted related relief.

C. On [______], 2026, the Debtors announced their determination that the Buyer submitted the highest or best bid for the Transferred Assets.

D. The Debtors have articulated good and sufficient business reasons for the Court to authorize (i) the Debtors' entry into the Purchase Agreement and consummation of the Sale Transaction including the sale of the Transferred Assets to the Buyer pursuant to the terms of the Purchase Agreement and this Order, (ii) the assumption and assignment of the Assigned Contracts as set forth herein and in the Purchase Agreement, and (iii) the assumption of the Assumed Liabilities as set forth herein and in the Purchase Agreement. Entry into the Purchase Agreement and consummation of the Sale Transaction pursuant to this Order are sound exercises of business

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. Furthermore, any findings of fact or conclusions of law made by the Court on the record at the close of the Sale Hearing are incorporated herein pursuant to Fed. R. Bank. P. 7052.

judgment, and such acts are in the best interests of the Debtors, their estates and creditors, and all parties in interest.

E. The Debtors have articulated good and sufficient business reasons justifying the sale of the Transferred Assets to the Buyer. Additionally, (i) the Debtors conducted a robust marketing process to sell the Transferred Assets and the Purchase Agreement constitutes the highest and best offer for the Transferred Assets; (ii) the Bidding Procedures utilized were designed to yield the highest or otherwise best bids for the Transferred Assets; (iii) the Purchase Agreement and the closing of the Sale Transaction present the best opportunity to realize the highest value for the Transferred Assets; (iv) there is risk of deterioration of the value of the Transferred Assets if the Sale Transaction is not consummated promptly; and (v) the Purchase Agreement and the sale of the Transferred Assets to the Buyer provide greater value to the Debtors' estates than would be provided by any other presently available alternative.

F. The Debtors have demonstrated compelling circumstances and a good, sufficient and sound business purpose for the sale outside of (i) the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code; and (ii) a plan of reorganization, in that, among other things, the immediate consummation of the Sale Transaction is necessary and appropriate to maximize the value of the Debtors' estates.

G. As evidenced by the affidavits of service [Docket Nos. ___] and publication [Docket No. ___] previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the Sale Transaction, the Assumption Procedures, and the assumption and assignment of the Assigned Contracts to be assigned to the Buyer and the applicable Cure Payments has been provided in compliance with the Bidding Procedures Order and in accordance with

sections 102(1), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 4001, 6004, 6006, 9006, 9007 and 9014, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale Transaction, the assumption and assignment of the Assigned Contracts to be assigned to the Buyer or the Cure Payments related thereto is or shall be required. With respect to entities whose identities were not reasonably ascertained by the Debtors, publication of the Sale Notice was made in the national edition of the *New York Times* and *The Daily Independent*, a local publication based in Ridgecrest, California, on [______], 2026. Such notice was sufficient and reasonably calculated under the circumstances to reach all known and unknown holders of claims and interests and non-Debtor counterparties to executory contracts.

H. The Bidding Procedures were substantively and procedurally fair to all parties and all potential bidders and afforded notice and a full, fair and reasonable opportunity for any person to make a higher or otherwise better offer to purchase [certain] [all] of the Assets. The Debtors and their professionals adequately marketed the Assets and conducted the marketing and sale process in accordance with the Bidding Procedures and the Bidding Procedures Order. The Debtors determined that the Purchase Agreement constituted the highest and best offer with respect to the Transferred Assets and selected the Purchase Agreement as the Successful Bid with respect to the Transferred Assets. The Debtors therefore determined in a valid and sound exercise of their business judgment, and in accordance with the Bidding Procedures and Bidding Procedures Order, that the highest and best Qualified Bid for the Transferred Assets is that of the Buyer and that the Purchase Agreement will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative.

I. There is no evidence before the Court of any collusion in connection with the Sale Process.

J. The Purchase Agreement was negotiated and is undertaken by the Debtors and the Buyer at arm's-length and in good faith within the meaning of section 363(m) of the Bankruptcy Code. The Buyer is not an "insider" of any of the Debtors as that term is defined by section 101(31) of the Bankruptcy Code. The Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the Transferred Assets, complied with the Bidding Procedures Order, and agreed to, and did, subject its bid to the competitive Bidding Procedures approved in the Bidding Procedures Order. As a result of the foregoing, the Buyer is entitled to the protections of section 363(m) of the Bankruptcy Code, including in the event this Order or any portion thereof is reversed or modified on appeal, and otherwise has proceeded in good faith in all respects in connection with these Chapter 11 Cases.

K. All payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale Transaction have been disclosed.

L. The Debtors (i) have full power and authority to execute the Purchase Agreement and all other documents contemplated thereby; (ii) have all of the power and authority necessary to consummate the transactions contemplated by the Purchase Agreement; and (iii) have taken all corporate action necessary to authorize and approve the Purchase Agreement, the sale of the Transferred Assets, and all other actions required to be performed by the Debtors in order to consummate the transactions contemplated in the Purchase Agreement. No consents or approvals, other than those already obtained or expressly provided for in the Purchase Agreement or this Order, are required for the Debtors to consummate the Sale Transaction.

M. The total consideration provided by the Buyer for the Transferred Assets represents the highest and best offer received by the Debtors for the Transferred Assets, and the Transaction Purchase Price constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act and any other applicable laws.

N. The Buyer would not have entered into the Purchase Agreement and would not agree to consummate the Sale Transaction if the sale of the Transferred Assets to the Buyer were not free and clear of all claims, liens, interests, and encumbrances (other than Assumed Liabilities and Permitted Encumbrances) to the fullest extent permitted pursuant to section 363(f) of the Bankruptcy Code or if the Buyer would, or in the future could, be liable for any of such claims, liens, interests, and encumbrances.

O. The Debtors may sell the Transferred Assets free and clear of claims, liens, interests, and encumbrances (other than Assumed Liabilities and Permitted Encumbrances) to the fullest extent permitted by section 363(f) of the Bankruptcy Code because, with respect to each creditor asserting a claim, lien, interest or encumbrance, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Those holders of claims, liens, interests or encumbrances that did not object to or that withdrew their objections to the sale of the Transferred Assets or the Motion, are barred from challenging the Motion, the Sale Transaction, or the sale of the Transferred Assets free and clear of claims, liens, interests, and encumbrances. Those holders of claims, liens, interests, or encumbrances that did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code or are adequately protected by the terms of this Order.

P. There is no evidence that the Debtors or the Buyer engaged in any conduct that would cause or permit the Purchase Agreement or the consummation of the Sale Transaction to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code or under any other law of the United States, any state, territory, possession thereof, or any other applicable law.

Q. The Purchase Agreement was not entered into, and the Sale Transaction is not consummated, for the purpose of hindering, delaying or defrauding the Debtors' creditors under the Bankruptcy Code or under any other law of the United States, any state, territory, possession thereof, or any other applicable law. Neither the Debtors nor the Buyer have entered into the Purchase Agreement, or is consummating the Sale Transaction, for any fraudulent or otherwise improper purpose.

R. The Buyer would not have acquired the Transferred Assets but for the protections against potential claims based upon successor liability, de facto merger, or theories of similar effect that are set forth in this Order.

S. The Debtors have proven and demonstrated that it is an exercise of their sound business judgment to assume and assign the Assigned Contracts to be assigned to the Buyer in connection with the consummation of the Sale Transaction, and the assumption and assignment of the Assigned Contracts to be assigned to the Buyer is in the best interests of the Debtors, their estates and creditors and all parties in interest. The Assigned Contracts being assigned to the Buyer are an integral part of the Transferred Assets being purchased by the Buyer, and accordingly, such assumption and assignment of such Assigned Contracts is reasonable and enhances the value of the Debtors' estates.

T. The Cure Payments with respect to the Assigned Contracts to be assigned to the Buyer are deemed to be the entire cure obligation due and owing under such Assigned Contracts under section 365(b) of the Bankruptcy Code. To the extent that any non-Debtor counterparty to an Assigned Contract to be assigned to the Buyer failed to timely file an objection to the proposed Cure Payment filed with the Bankruptcy Court and associated with such Assigned Contract, the Cure Payment listed in the applicable Contract Assumption Notice with respect to such Assigned Contract shall be deemed to be the entire cure obligation due and owing under such Assigned Contract.

U. Each provision of the Assigned Contracts to be assigned to the Buyer or applicable non-bankruptcy law that purports to prohibit, restrict or condition, or could be construed as prohibiting, restricting or conditioning, assignment of any Assigned Contracts to be assigned to the Buyer has been satisfied or is otherwise unenforceable under section 365 of the Bankruptcy Code.

V. Assumption and assignment of any Assigned Contract to be assigned to the Buyer pursuant to this Order and the Purchase Agreement and full payment of any applicable Cure Payment shall result in the full release and satisfaction of any and all cures, claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting change in control or ownership interest composition or other bankruptcy-related defaults, arising under any Assigned Contract to be assigned to the Buyer at any time prior to the Closing Date, and shall relieve the Debtors and their estates from any liability for any breach of such Assigned Contract occurring after such assignment.

W. The Buyer has demonstrated adequate assurance of future performance of all Assigned Contracts to be assigned to the Buyer, within the meaning of section 365 of the Bankruptcy Code.

X. Upon the assignment to the Buyer and the payment of the relevant Cure Payment (if applicable), (i) each Assigned Contract to be assigned to the Buyer shall be deemed valid and binding and in full force and effect in accordance with its terms, and all defaults thereunder, if any, shall be deemed cured, subject to the provisions of this Order; and (ii) the Buyer shall assume all obligations under each such Assigned Contract.

Y. The injunction set forth in this Order against creditors and third parties pursuing claims against, and liens, interests, and encumbrances on, the Transferred Assets is necessary to induce the Buyer to close the Sale Transaction, and the issuance of such injunctive relief is therefore necessary to avoid irreparable injury to the Debtors' estates and will benefit the Debtors' creditors.

Z. The Sale Transaction does not constitute a *sub rosa* chapter 11 plan. The Sale Transaction neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates a chapter 11 plan for any of the Debtors.

AA. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Order, and, sufficient cause having been shown, waives any such stay, and expressly directs entry of judgment as set forth herein. The Debtors have demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for the immediate approval and consummation of the Sale Transaction as contemplated by the Purchase Agreement. The Buyer, being a good faith purchaser under

section 363(m) of the Bankruptcy Code, may close the Sale Transaction contemplated by the Purchase Agreement at any time after entry of this Order.

BB. The relief granted herein is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, to the extent set forth herein.

2. Any Objection to the Motion, the Sale Transaction, or any other relief granted in this Order, to the extent not resolved, adjourned for hearing on a later date, waived or withdrawn, or previously overruled, and all reservations of rights included therein, is hereby OVERRULED and DENIED on the merits.

3. The Bidding Procedures utilized by the Debtors with respect to the Sale Transaction are hereby ratified and were appropriate under the circumstances in order to maximize the value obtained from the Sale Transaction for the benefit of the estates.

4. The Purchase Agreement and the Sale Transaction are hereby approved and the Debtors are authorized to enter into and perform under the Purchase Agreement.

5. Subject in all respects to the Carve Out and the funding of the Post-Carve Out Trigger Notice Cap into the Professional Fee Escrow Account (as defined in the Final DIP Order), and subject to paragraph 32 below: (i) all net cash proceeds generated from the sale of the Transferred Assets that constitute the Prepetition Secured Lender's collateral shall be immediately and indefeasibly paid by the Debtors to the Prepetition Secured Lender upon the closing of the Sale Transaction for indefeasible application against the Prepetition Obligations (as defined in the Final DIP Order); and (ii) all net cash proceeds generated from the sale of Transferred Assets that

constitute the DIP Lender's collateral, to the extent such proceeds remain after payments made to the Prepetition Lender, shall be immediately and indefeasibly paid by the Debtors to the DIP Lender at the closing of the Sale Transaction for application against the obligations owing by the Debtors under the DIP Obligations (as defined in the Final DIP Order); in each case, in accordance with the terms and conditions of the Final DIP Order, the DIP Loan Documents, and the Prepetition Loan Documents (each as defined in the Final DIP Order).

6. Each of the Debtors and the Buyer are hereby authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale Transaction and the Closing in accordance with the Motion, the Purchase Agreement, and this Order; (b) assume and assign the Assigned Contracts to be assigned to the Buyer pursuant to the Purchase Agreement; (c) provide for the assumption of the Assumed Liabilities; and (d) perform, consummate, implement and close fully the Purchase Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement.

7. Notwithstanding any provision of any Assigned Contract to be assigned to the Buyer or applicable non-bankruptcy law that prohibits, restricts or conditions the assignment of such Assigned Contracts, the Debtors are authorized to assume such Assigned Contracts and to assign such Assigned Contracts to the Buyer, which assignment shall take place on and be effective as of the Closing or as otherwise provided by order of this Court. There shall be no accelerations, assignment fees, increases, or any other fees charged to the Buyer or the Debtors as a result of the assumption and assignment of the Assigned Contracts to be assigned to the Buyer.

8. The Buyer shall have assumed the Assigned Contracts to be assigned to the Buyer, and the assignment by the Debtors of such Assigned Contracts shall not be a default thereunder. After the payment of any relevant Cure Payment, neither the Debtors, their bankruptcy estates nor

the Buyer shall have any further liabilities to the non-Debtor counterparties to such Assigned Contracts, other than the Buyer's obligations under such Assigned Contracts that accrue or become due and payable on or after the Closing Date.

9. The Debtors' assumption of the Assigned Contracts to be assigned to the Buyer is subject to the consummation of the Sale Transaction. To the extent that an objection by a counterparty to any such Assigned Contract, including all objections related to any applicable Cure Payments, is not resolved prior to the Closing Date, the Debtors, with the consent of the Buyer and in accordance with the Purchase Agreement, may elect to (a) not assume and assign to the Buyer such Assigned Contract; (b) postpone the assumption of such Assigned Contract until the resolution of such objection; or (c) reserve the disputed portion of any applicable Cure Payment and assume such Assigned Contract on the Closing Date. So long as the claimed Cure Payment is held in reserve, and there are no other unresolved objections to the assumption and assignment of such applicable Assigned Contract, the Debtors can, without further delay, assume and assign such Assigned Contract that is the subject of the objection. Under such circumstances, the respective objecting counterparty's recourse would be limited to the funds held in reserve.

10. Upon the Closing, (a) the Debtors are hereby authorized and directed to consummate, and shall be deemed for all purposes to have consummated, the sale, transfer and assignment of all of the Debtors' rights, title and interest in the Transferred Assets to the Buyer free and clear of all claims, liens, interests, and encumbrances (other than the Assumed Liabilities and Permitted Encumbrances) to the fullest extent permitted by section 363(f) of the Bankruptcy Code; and (b) except as otherwise expressly provided in the Purchase Agreement, all Encumbrances and Liabilities (other than the Assumed Liabilities and the Permitted Encumbrances) shall not be enforceable as against any member of the Buyer Group (as defined below) or the Transferred

Assets. A certified copy of this Order may be filed with the appropriate clerk or recorder to act to cancel any such lien, claim, interest or encumbrance of record.

11. The transfer to the Buyer of the Debtors' rights, title, and interest in the Transferred Assets pursuant to the Purchase Agreement shall be, and hereby is deemed to be, a legal, valid, and effective transfer of the Debtors' rights, title, and interest in the Transferred Assets, and vests with or will vest in the Buyer all rights, title, and interest of the Debtors in the Transferred Assets, free and clear of all claims, liens, interests, and encumbrances of any kind or nature whatsoever (other than the Assumed Liabilities and the Permitted Encumbrances) to the fullest extent permitted by section 363(f) of the Bankruptcy Code, with any such claims, liens, interests, and encumbrances attaching to the net proceeds of such sale with the same validity, extent, and priority as existed immediately prior to the sale of the Transferred Assets, subject to the provisions of this Order, and any rights, claims, and defenses of the Debtors and other parties in interest.

12. Unless expressly included in the Assumed Liabilities and Permitted Encumbrances, neither the Buyer, nor any of the Buyer's affiliates (including any subsidiary of Buyer, nor any person or entity that could be treated as a single employer with the Buyer pursuant to Section 4001(b) the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**") or Section 414(b), (c), (m) or (o) of the Internal Revenue Code of 1986, as amended (collectively, the "**Buyer Group**")) shall be responsible for any claims, liens, liabilities, obligations, interests, and encumbrances in respect of any pension, multiemployer plan (as such term is defined in Section 3(37) or Section 4001(a)(3) of ERISA), health or welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of any of the Debtors or any multiemployer plan to which the Debtors have at any time contributed to or had any liability or potential liability.

13. Subject to the Closing, none of the Buyer or its affiliates, successors, assigns, equity holders, officers, directors, employees, or professionals shall have or incur any liability to, or be subject to any action by any of the Debtors or any of their estates, predecessors, successors, or assigns, arising out of the negotiation, investigation, preparation, execution, or delivery of the Purchase Agreement and the entry into and consummation of the sale of the Transferred Assets, except as expressly provided in the Purchase Agreement and this Order.

14. Except as expressly provided in the Purchase Agreement or by this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, vendors, suppliers, customers, employees, trade creditors, litigation claimants, and other persons, holding claims, liens, interests, or encumbrances of any kind or nature whatsoever arising prior to the Closing Date against or in the Debtors or the Debtors' interests in the Transferred Assets (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated, or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, whether imposed by agreement, understanding, law, equity, or otherwise), including, without limitation, the non-Debtor party or parties to each Assigned Contract to be assigned to the Buyer holding claims arising prior to the Closing Date, shall be and hereby are forever barred, estopped and permanently enjoined to the fullest extent permitted by section 363(f) of the Bankruptcy Code from asserting, prosecuting or otherwise pursuing such pre-Closing Date claims, liens, interests, and encumbrances against the Buyer or its affiliates, successors, assigns, equity holders, directors, officers, employees or professionals, the Transferred Assets, or the interests of the Debtors in such Transferred Assets (other than Assumed Liabilities or Permitted Encumbrances). Following the Closing, and to the fullest extent permitted by section 363(f) of

the Bankruptcy Code, no holder of a pre-Closing Date claim, lien, interest, or encumbrance against the Debtors (other than those arising under the Assumed Liabilities or Permitted Encumbrances) shall interfere with the Buyer's title to or use and enjoyment of the Debtors' interest in the Transferred Assets based on or related to such claim, lien, interest, or encumbrance, and, except as otherwise provided in the Purchase Agreement with respect to Assumed Liabilities or this Order, all such claims, liens, interests, or encumbrances, if any, shall be, and hereby are transferred and will attach to the net available proceeds from the sale of the Transferred Assets in the order of their priority, with the same validity, force, and effect which they have against such Transferred Assets as of the Closing, subject to any rights, claims, and defenses that the Debtors' estates and the Debtors, as applicable, may possess with respect thereto. All persons are hereby enjoined from taking action that would interfere with or adversely affect the ability of the Debtors to transfer the Transferred Assets to the Buyer in accordance with the terms of this Order.

15. By virtue of the Sale Transaction, and notwithstanding any otherwise applicable law, rule, or regulation to the contrary, neither the Buyer nor any of its affiliates shall be deemed to: (i) be a legal successor, or otherwise deemed to be a successor, to any of the Debtors under any theory of law or equity; (ii) have, *de facto* or otherwise, merged with or into any or all Debtors or their estates; (iii) have a common identity or a continuity of enterprise with the Debtors; or (iv) be a mere continuation or substantial continuation, or be holding itself out as a mere continuation, of the Debtors or any business, enterprise, or operation of the Debtors; or (v) to be liable for any acts or omissions of the Debtors in the conduct of their business or arising under or related to the Transferred Assets, other than as set forth in the Asset Purchase Agreement. To the maximum extent available under applicable law, the Buyer's acquisition of the Debtors' right, title and interest in the Transferred Assets shall be free and clear of any "successor liability" claims and

other types of transferee liability of any nature whatsoever, whether known or unknown and whether asserted or unasserted at the time of the closing of the Sale Transaction. The operations of the Buyer and its Affiliates shall not be deemed a continuation of the Debtors' business as a result of the acquisition of the Transferred Assets.

16. The Purchase Agreement has been entered into by the Buyer in good faith and the Buyer is a good faith purchaser of the Transferred Assets as that term is used in section 363(m) of the Bankruptcy Code. The Buyer is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

17. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale Transaction. Except as otherwise provided in the Purchase Agreement, no obligation or liability, contingent or otherwise, for brokerage or finders' fees or agents' commissions or other similar payment is due to any person in connection with the Purchase Agreement or the transactions contemplated hereby or thereby for which the Buyer is or will become liable.

18. The consideration provided by the Buyer for the Transferred Assets under the Purchase Agreement shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, and the sale of the Transferred Assets may not be avoided, or costs or damages imposed or awarded under section 363(n) of the Bankruptcy Code or any other provision of the Bankruptcy Code, the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, or any other similar federal or state laws.

19. There is no evidence that the Debtors or the Buyer have engaged in any conduct that would cause or permit the Purchase Agreement or the consummation of the Sale Transaction

to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code or under any other law of the United States, any state, territory, possession thereof, or any other applicable law.

20. On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Debtors' rights, title, and interest in the Transferred Assets or a bill of sale transferring good and marketable title in such Transferred Assets to the Buyer on the Closing Date pursuant to the terms of the Purchase Agreement, free and clear of all claims, liens, interests, and encumbrances (other than Assumed Liabilities and Permitted Encumbrances) to the fullest extent permitted by section 363(f) of the Bankruptcy Code.

21. This Order (a) is and shall be effective as a determination that other than Assumed Liabilities and Permitted Encumbrances, all claims, liens, interests, and encumbrances of any kind or nature whatsoever existing as to the Transferred Assets prior to the Closing have been unconditionally released, discharged, and terminated to the fullest extent permitted by section 363(f) of the Bankruptcy Code, and that the conveyances described herein have been effected, including claims in connection with any tax liability and (b) is and shall be binding upon and shall authorize all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Transferred Assets conveyed to the Buyer. Other than Permitted Encumbrances and liens and

security interests relating to the Assumed Liabilities, all recorded claims, liens, interests, and encumbrances against the Transferred Assets from their records, official and otherwise, shall be deemed stricken.

22. If any person or entity which has filed statements or other documents or agreements evidencing liens, interests, or encumbrances on, or claims against or interests in, the Transferred Assets shall not have delivered to the Debtors before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all claims, liens, interests, or encumbrances (other than Permitted Encumbrances and liens and security interests relating to the Assumed Liabilities) which the person or entity has or may assert with respect to the Transferred Assets, the Debtors and the Buyer are hereby authorized to file copies of this Order as evidence of the termination, satisfaction, and release of such claims, liens, interests, or encumbrances.

23. All counterparties to the Assigned Contracts to be assigned to the Buyer shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Buyer, and shall not charge the Debtors or the Buyer for any instruments, applications, consents or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the sale of the Transferred Assets.

24. Each and every federal, state and governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments in connection with or necessary to consummate the Sale Transaction contemplated by the Purchase Agreement.

25. Nothing in this Order or the Purchase Agreement releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory power of a governmental unit with respect to environmental liability that any entity would be subject to as the owner or operator of property after the Closing Date. Nothing in this Order or the Purchase Agreement authorizes the transfer or assignment of any applicable governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under applicable police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under applicable police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order; *provided*, *however*, that the Bankruptcy Court retains jurisdiction as set forth in and pursuant to the terms of this Order or any plan of reorganization or liquidation confirmed in these Chapter 11 Cases, including jurisdiction, but not exclusive jurisdiction, to determine whether liabilities asserted by any governmental unit are discharged or otherwise barred by this Order, any plan of reorganization or liquidation confirmed in these Chapter 11 Cases, or the Bankruptcy Code.

26. Without limiting the provisions of paragraph **Error! Reference source not found.** above, but subject to section 525(a) of the Bankruptcy Code, no governmental unit may revoke or suspend any right, license, trademark or other permission relating to the use of the Transferred Assets sold, transferred, or conveyed to the Buyer on account of the filing or pendency of these Chapter 11 Cases or the consummation of the sale of the Transferred Assets.

27. To the extent this Order is inconsistent with any prior order or pleading filed in these Chapter 11 Cases, the terms of this Order shall govern. To the extent there is any inconsistency between the terms of this Order and the terms of the Purchase Agreement, the terms of this Order shall govern.

28. All entities (other than holders of Assumed Liabilities or Permitted Encumbrances) that are presently, or on the Closing Date may be, in possession of some or all of the Transferred Assets are hereby directed to surrender possession of the Transferred Assets to the Buyer on the Closing Date.

29. This Order shall not be modified by any chapter 11 plan of any of the Debtors confirmed in these Chapter 11 Cases.

30. This Order and the Purchase Agreement shall be binding in all respects upon all creditors and interest holders of the Debtors, all non-Debtor parties to the Assigned Contracts, any statutory committee appointed in these Chapter 11 Cases, all successors and assigns of the Debtors and their affiliates and subsidiaries, and any trustees, examiners, "responsible persons," or other fiduciaries appointed in the Chapter 11 Cases or upon a conversion of the Debtors' cases to cases under chapter 7 of the Bankruptcy Code, including a chapter 7 trustee; and the Purchase Agreement shall not be subject to rejection or avoidance under any circumstances. If any order under section 1112 of the Bankruptcy Code is entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that this Order and the rights granted to the Buyer hereunder shall remain effective and, notwithstanding such dismissal or conversion, shall remain binding on parties in interest.

31. The failure specifically to include or make reference to any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement is authorized and approved in its entirety subject to paragraph 27 of this Order.

32. Any Sale Transaction Fee[4] or Other Sale Transaction Fee due to Lazard as a result of the closing of the Sale Transaction shall be segregated and escrowed (for the exclusive benefit of Lazard) from the proceeds of the Sale Transaction (including, without limitation, from the proceeds of any liquidation or other disposition of the Debtors' Assets), as an express carve-out from the collateral of the Debtors' pre- and postpetition secured lenders, prior to any other use or distribution of such proceeds. Any Successful Bid (including on account of any successful Credit Bid) must contain a cash component sufficient to pay the corresponding Sale Transaction Fee or Other Sale Transaction Fee due to Lazard in full, *provided* that if the Sale Transaction does not yield at closing sufficient cash to pay the unpaid portion of such Sale Transaction Fee or Other Sale Transaction Fee in full, or any portion thereof, then the Successful Bidder (including on account of any successful Credit Bid) shall immediately set aside from its own funds and escrow (for the exclusive benefit of Lazard) at the closing of the Transaction giving rise to such fee any such amount necessary to pay Lazard such unpaid portion of the Sale Transaction Fee or Other Sale Transaction Fee in full. For the avoidance of doubt, nothing in this Order shall prohibit or be construed to prohibit the use of any unencumbered assets of the Debtors or the proceeds thereof to pay any fees and expenses of Lazard or the assertion or allowance of an administrative priority claim under sections 503(b)(2) and 507(a)(2) of the Bankruptcy Code, if applicable, on account of any fees or expenses of Lazard. Notwithstanding anything to the contrary set forth herein, the requirements and obligations contained in this paragraph 32 to pay Lazard any such Sale Transaction Fee or Other Sale Transaction Fee on account of such Sale Transaction or Other Sale

[4] Terms used in this paragraph but not otherwise defined herein shall have the meanings given to them in that certain letter agreement between Lazard and Searles Valley Minerals Inc. dated as of May 12, 2026.

Transaction shall be subject in all respects to the entry of an order by the Court approving any such fees including the Sale Transaction Fee or Other Sale Transaction Fee.

33. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, including, without limitation, the authority to (a) interpret, implement and enforce the terms and provisions of this Order (including the injunctive relief provided in this Order), the terms of the Purchase Agreement, all amendments thereto and any waivers and consents thereunder; (b) protect the Buyer, or the Transferred Assets, from and against any of the claims, liens, interests, or encumbrances (other than Assumed Liabilities and Permitted Encumbrances); (c) compel delivery of all Transferred Assets to the Buyer (other than those in the possession of the holder of an Assumed Liability or Permitted Encumbrance); (d) compel the Buyer to perform all of its obligations under the Purchase Agreement and this Order; and (e) resolve any disputes arising under or related to the Purchase Agreement or the sale of the Transferred Assets.

34. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented through a written document signed by the parties thereto in accordance with the terms thereof without further order of this Court; *provided*, *however*, that any such modification, amendment, or supplement is neither material nor materially changes the economic substance of the transactions contemplated hereby.

35. Neither the Buyer nor the Debtors shall have an obligation to close the Sale Transaction until all conditions precedent in the Purchase Agreement to each of their respective obligations to close the Sale Transaction have been met, satisfied, or waived in accordance with the terms of the Purchase Agreement.

36. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding any provision in the Bankruptcy Rules to the contrary, including but not limited to Bankruptcy Rule 6004(h), the Court expressly finds there is no reason for delay in the implementation of this Order and, accordingly, (a) the terms of this Order shall be immediately effective and enforceable upon its entry; (b) the Debtors are not subject to any stay of this Order or in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

37. The provisions of this Order are nonseverable and mutually dependent.