# EXHIBIT B

# TURNBULL DECLARATION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Pacifica of the Valley Corp.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**DECLARATION OF ANDREW TURNBULL IN SUPPORT OF THE APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327 AND 328(a), FED. R. BANKR. P. 2014 AND 5002, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE DEBTOR *NUNC PRO TUNC* TO JULY 29, 2026**

I, Andrew Turnbull declare as follows:

1. I am a Managing Director of Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), and am duly authorized to execute this declaration (the "Declaration") on behalf of Houlihan Lokey. I am familiar with the matters set forth herein and, if called as a witness, I could and would testify thereto.[2]

2. I make this Declaration in support of the *Application of the Debtor for Entry of an Order pursuant to 11 U.S.C. §§ 327 and 328(a), Fed. R. Bankr. P. 2014 and 5002, and Local Rules 2014-1 and 2016-1 Authorizing the Retention and Employment of Houlihan Lokey Capital, Inc. as*

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is 7312. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at Houlihan Lokey and are based on information provided by them. Unless otherwise stated, all matters set forth in this Declaration are based on my personal knowledge, my review of the relevant documents, information supplied to me by others, or my views, which are based on, among other things, my experience and knowledge of the Debtor's business and financial condition.

*Investment Banker to the Debtor,* nunc pro tunc *to July 29, 2026* (the "Application").[3] This Declaration is also submitted to comply with the applicable provisions of §§ 327, 328(a) and 504, Bankruptcy Rules 2014(a), 2016 and 5002, and Local Rule 2014-1.

**Houlihan Lokey's Qualifications and Services**

3. The Houlihan Lokey Group (as defined below) is an internationally recognized investment banking and financial advisory firm, with offices worldwide and more than 1,900 professionals. Houlihan Lokey is a leader in providing such services to debtors, unsecured and secured creditors, acquirers and other parties in interest involved with financially troubled companies both in and outside of bankruptcy. Houlihan Lokey has been, and is, involved in some of the largest restructurings in the United States, both out of court and in chapter 11 cases. Houlihan Lokey has been retained to provide investment banking and financial advisory services in, among other cases, *In re JOANN Inc.,* Case No. 24-10418 (Bankr. D. Del. Apr. 15, 2024); *In re Cano Health, Inc.,* Case No. 24-10164 (Bankr. D. Del. Mar. 22, 2024); *In re MVK FarmCo LLC,* Case No. 23-11721 (Bankr. D. Del. Dec. 6, 2023); *In re OSG Holdings, Inc.,* Case No. 23-90799 (Bankr. S.D. Tex. Nov. 17, 2023); *In re Carestream Health, Inc.,* Case No. 22-10778 (Bankr. D. Del. Oct. 7, 2022); *In re Revlon, Inc.,* Case No. 22-10760 (Bankr. S.D.N.Y. Aug. 23, 2022); *In re PWM Property Management LLC,* Case No. 21-11445 (Bankr. D. Del. Feb. 17, 2022); *In re Seadrill Limited,* Case No. 21-30427 (Bankr. S.D. Tex. May 21, 2021); *In re Guitar Center, Inc.,* Case No. 20-34656 (Bankr. E.D. Va. Dec. 16, 2020); *In re Skillsoft Corporation,* Case No. 20-11532 (Bankr. D. Del. Jul. 21, 2020); *In re Exide Holdings, Inc.,* Case No. 20-11157 (Bankr.

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Application. All references to 'section' or '§' herein are to sections of the Bankruptcy Code.

D. Del. Jul. 16, 2020); and *In re Aceto Corporation,* Case No. 19-13448 (Bankr. D.N.J. Apr. 2, 2019).[4]

4. Houlihan Lokey has agreed to provide investment banking services to the above-captioned debtor and debtor in possession (the "Debtor") pursuant to the terms and conditions of the Engagement Agreement between the Debtor and Houlihan Lokey (the "Engagement Agreement"), a copy of which is attached to the Proposed Order as **Exhibit 1**.

5. In addition to me, the principal professionals who are expected to render services to the Debtor are set forth on **Exhibit A** attached hereto and incorporated herein by reference (the "Principal Professionals").

6. Houlihan Lokey believes that its services will not duplicate the services that other professionals will be providing to the Debtor in the chapter 11 case. Houlihan Lokey will use reasonable efforts to coordinate with the Debtor's other retained professionals to avoid unnecessary duplication of services.

**Houlihan Lokey's Compensation**

7. Houlihan Lokey believes that the Fee and Expense Structure is comparable to those generally charged by investment bankers of similar stature to Houlihan Lokey for comparable engagements, both in and out of bankruptcy proceedings, and reflects a balance between a fixed fee and a contingency amount tied to the consummation and closing of the transactions and services contemplated by the Debtor and Houlihan Lokey in the Engagement Agreement.

8. The Fee and Expense Structure is consistent with Houlihan Lokey's normal and customary billing practices for comparably sized and complex cases and transactions, both in and

[4] Due to the voluminous nature of the orders cited in this Declaration, they are not attached to the Declaration. Copies of these orders are available upon request to the Debtor's proposed counsel.

out of bankruptcy proceedings, involving the services to be provided in connection with the chapter 11 case. Moreover, the Fee and Expense Structure is consistent with and typical of arrangements entered into by Houlihan Lokey and other investment banks in connection with the rendering of comparable services to clients such as the Debtor.

9. Houlihan Lokey's restructuring expertise, as well as its financing skills and mergers and acquisitions expertise, some or all of which may be required by the Debtor during the term of Houlihan Lokey's engagement, were important factors in determining the Fee and Expense Structure. The ultimate benefit to the Debtor derived from the services provided by Houlihan Lokey pursuant to the Engagement Agreement cannot be measured by a reference to the number of hours expended by Houlihan Lokey's professionals.

10. The Debtor and Houlihan Lokey negotiated the Fee and Expense Structure to function as an interrelated, integrated unit corresponding to Houlihan Lokey's overall services. It would be contrary to the intention of Houlihan Lokey and the Debtor for any isolated component of the Fee and Expense Structure to be treated as sufficient consideration for any isolated portion of Houlihan Lokey's services. Instead, the Debtor and Houlihan Lokey intend that Houlihan Lokey's services be considered as a whole for which Houlihan Lokey is to be compensated by the Fee and Expense Structure in its entirety.

11. In light of the foregoing and given the numerous issues that Houlihan Lokey may be required to address in the performance of its services pursuant to the Engagement Agreement, Houlihan Lokey's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for Houlihan Lokey's services for both in court and out of court engagements of this nature, Houlihan Lokey believes that the Fee and Expense Structure is fair and reasonable and market-based under the standards set forth in § 328(a).

**Record Keeping and Applications for Compensation**

12. It is not the general practice of investment banking firms, including Houlihan Lokey, to keep detailed time records similar to those customarily kept by attorneys and required by Local Rule 2016-1. Since Houlihan Lokey does not ordinarily maintain contemporaneous time records in one-tenth hour (0.10) increments or provide or conform to a schedule of hourly rates for professional services, Houlihan Lokey requests that it be excused from compliance with such requirements and instead should only be required to maintain time records in half-hour (0.50) increments setting forth, in a summary format, a reasonably detailed description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtor.

13. Houlihan Lokey will also maintain reasonably detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services.

14. Houlihan Lokey's applications for compensation and expense reimbursement will be paid by the Debtor pursuant to the terms of the Engagement Agreement and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures established by the Court.

**Houlihan Lokey's Disinterestedness**

15. To determine its connections with parties in interest in the chapter 11 case, Houlihan Lokey relied upon a list of entities that were identified to Houlihan Lokey by the Debtor and their representatives (each individually, an "Interested Party", and collectively, the "Interested Parties"). The Interested Parties are set forth on **Exhibit B** attached hereto and incorporated herein by reference.

16. I, or one or more of my designees, reviewed a report that was based on a comparison of this list of Interested Parties against certain internal databases of Houlihan Lokey, including

Houlihan Lokey's client management information system. To the extent that this report revealed that certain Interested Parties were current or former Houlihan Lokey Group clients that engaged a member of the Houlihan Lokey Group in the past three years (as of the date such report was generated) pursuant to a written engagement letter to provide services for which the Houlihan Lokey Group has received, or is expected to receive, fees, such parties are identified on **Exhibit C** attached hereto and incorporated herein by reference. To the extent that the aforementioned report revealed certain other connections with Interested Parties (or their apparent affiliates or entities that Houlihan Lokey believes to be affiliates, as the case may be), such parties may also be identified on **Exhibit C** or otherwise described or referenced (whether generally or specifically by name) elsewhere in this Declaration. **Exhibit C** is based upon the information contained in the aforementioned report and may not include information to the extent not included in, or not reflected in the results of Houlihan Lokey's review of, such report, or not otherwise identified by Houlihan Lokey.

17. Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for a "connection," has been defined. I am therefore uncertain what this Court may consider a "connection" requiring disclosure.

18. Given the large number of Interested Parties, despite the efforts described herein, I am unable to state with certainty that every connection has been disclosed in this Declaration. In particular, among other things, members or certain employees of the Houlihan Lokey Group may have connections with Interested Parties or persons who are beneficial owners, affiliates, equity holders and/or sponsors of certain Interested Parties; persons whose beneficial owners, affiliates, equity holders and/or sponsors are Interested Parties; and persons who otherwise have connections with certain Interested Parties. Furthermore, the Debtor may have had, or currently have,

customers, creditors, lenders, equity owners, competitors, and other parties with whom they maintain business relationships that are parties in interest (but are not listed as Interested Parties), and with whom the Houlihan Lokey Group may have had, or may currently or in the future have, connections. In addition, new parties may become parties in interest and the Houlihan Lokey Group may have had, or may currently or in the future have, connections with such new parties in interest.

19. In addition:

a) From time to time, Houlihan Lokey's Financial Restructuring Group, which is providing the services in this case, may have represented, may currently be representing, or may in the future represent, certain parties in interest in matters unrelated to the chapter 11 case, either individually or as part of a representation of a committee or group of creditors, lenders, equity owners or other interest holders.

b) In addition to its Financial Restructuring Group, Houlihan Lokey and the other subsidiaries of its parent company, Houlihan Lokey, Inc., that are engaged in providing investment banking and financial advisory services globally (collectively, and together with Houlihan Lokey, Inc., the "Houlihan Lokey Group") provide services to a wide range of institutions and individuals and may have had, or may currently or in the future have, investment banking or financial advisory relationships with certain parties in interest.

c) In the ordinary course of business, members or certain employees (or relatives of such employees) of the Houlihan Lokey Group, as well as investment funds in which any of them may have financial interests or with which they may co-invest, but over whose investment decisions such members or employees have no control, may (i) acquire, hold or sell, long or short positions, or trade or otherwise effect transactions, in debt, equity, and other securities and financial instruments (including bank loans and other obligations) of, or investments in, the Debtor or certain other parties in interest or have other relationships with such parties, and/or (ii) have mortgages, consumer loans, investment, brokerage accounts, or other banking, brokerage, or other customer relationships with institutions that are parties in interest or with funds sponsored by or affiliated with such parties. With respect to any such securities, financial instruments, investments, and/or customer relationships, all rights in respect of such securities, financial instruments, investments, and/or customer relationships, including any voting rights, will be exercised by the holder of the rights, in its sole discretion. Moreover, the Principal Professionals are subject to compliance mechanisms and policies and procedures designed to prevent confidential, non-public information from being improperly shared.

d) Houlihan Lokey Financial Advisors, Inc., a direct subsidiary of Houlihan Lokey, Inc., among other things, provides valuation opinions on the securities, derivatives, and other financial instruments (which may have included, or may currently or in the future include, securities, derivatives, or other financial instruments of the Debtor) held by various business development companies, private equity funds, hedge funds, and other investment funds, primarily for financial reporting purposes, through its Portfolio Valuation and Fund Advisory Group. This work is unrelated to the financial advisory and investment banking services that Houlihan Lokey intends to provide in the chapter 11 case. Moreover, there is an "Information Wall" between Houlihan Lokey Financial Advisors, Inc.'s Portfolio Valuation and Fund Advisory Group and Houlihan Lokey's Financial Restructuring Group, including the Principal Professionals. This "Information Wall" includes technological barriers and policies and procedures designed to prevent confidential, non-public information and work product from being improperly shared.

e) In the ordinary course of their business, members of the Houlihan Lokey Group from time to time discuss issues concerning stressed and distressed companies with such companies, their creditors, and their prospective creditors that are clients of the firm, that are referred to the firm in light of Houlihan Lokey's reputation for covering such companies and/or relevant industry expertise, or with which the firm may otherwise be in contact. At the time of those contacts, typically it is not known whether any of these companies will actually file for bankruptcy, or if any of these creditors and/or prospective creditors will serve on any future official committee appointed in any such future bankruptcy case, or even be a creditor of the relevant estate in the event of a future bankruptcy. It is also Houlihan Lokey's customary practice to communicate with and, when appropriate or requested, send materials to one or more of the 50 largest unsecured creditors identified by a debtor and who are, therefore, potential members of a creditors' committee.

f) Members or certain employees of the Houlihan Lokey Group may have business associations with certain parties in interest, including attorneys, accountants, investment bankers, financial advisors, financial consultants, and other professional advisors, some of whom may represent certain of the parties in interest or be parties in interest. Members of the Houlihan Lokey Group may have appeared, or may currently or in the future appear, in numerous cases, proceedings or transactions involving, had or have mutual clients with, or had or have referral relationships with, these professionals. Furthermore, members of the Houlihan Lokey Group have been, and may currently or in the future be, represented or advised by accountants, auditors, attorneys, law firms, and other professionals, some of whom may be involved in the chapter 11 case. In addition, members of the Houlihan Lokey Group may have worked, or may currently or in the future work, with, for, or opposite other professionals involved in the chapter 11 case in matters unrelated to the chapter 11 case.

g) Certain employees of the Houlihan Lokey Group may have been formerly employed by other investment banking, financial services, or other professional services firms that are among, or represent other parties that are among, certain of

the parties in interest. While employed by other firms, certain professionals presently employed by the Houlihan Lokey Group may have represented certain parties in interest.

h) Members of the Houlihan Lokey Group may be involved in litigation from time to time that may have involved, or may currently or in the future involve, entities that may be parties in interest. Also, certain of the parties in interest may have been, or may currently or in the future be, vendors or insurers of members of the Houlihan Lokey Group and/or have corporate or other business relationships with members of the Houlihan Lokey Group.

20. To the best of my knowledge and belief, other than as disclosed in this Declaration, neither Houlihan Lokey, nor I, nor any other Principal Professionals, holds or represents any interest materially adverse to the Debtor or its estate.

21. To the best of my knowledge and belief, other than as disclosed in this Declaration, Houlihan Lokey has not been retained to assist any Interested Party other than the Debtor on matters relating to, or in direct connection with, the chapter 11 case.

22. In addition, other than as disclosed in this Declaration, I do not believe that any connection that the Houlihan Lokey Group may have with any Interested Party in connection with any unrelated matters, including those involving the parties identified on **Exhibit C**, or any of the matters set forth in paragraph 19 of this Declaration, constitutes an interest materially adverse to the interest of the estate or of any class of creditors or equity holders in the chapter 11 case.

23. Other than as disclosed in this Declaration, I am not related to and, to the best of my knowledge and belief, no other Principal Professional is related to, any United States Bankruptcy Judge for this District or known employee in the United States Trustee's Office for this District.

24. Based on all of the foregoing, I believe that Houlihan Lokey is a "disinterested person" within the meaning of § 101(14).

25. To the extent Houlihan Lokey discovers any material facts bearing on the matters described herein during the period of Houlihan Lokey's retention, Houlihan Lokey undertakes to amend and supplement the information contained in the Application and this Declaration to disclose such facts.

26. Houlihan Lokey has not shared or agreed to share any of its compensation from the Debtor with any other person, other than as permitted by § 504. If any such agreement is entered into, Houlihan Lokey has undertaken to amend and supplement the information contained in this Application and this Declaration to disclose the terms of any such agreement.

27. No promises have been received by Houlihan Lokey, or by any professionals engaged hereunder, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 21st day of August, 2026.

/s/ *AndrewTurnbull*
ANDREW TURNBULL

**EXHIBIT A**

**PRINCIPAL PROFESSIONALS**

Andrew Turnbull, Managing Director
Ibreez Esmail, Associate
Ravi Dantaluri, Analyst
Anna Chen, Analyst

# EXHIBIT B

## INTERESTED PARTIES LIST[5]

**Debtor**
Pacifica of the Valley Corporation

**Directors & Officers**
Precious Mayes

**Significant Equity Holders**
Paul R. Tuft

**Bankruptcy Judges & Staff**
Karen B. Owens
Craig T. Goldblatt
Thomas M. Horan
Brendan L. Shannon
Laurie Selber Silverstein
Kate Stickles
Mary F. Walrath
Stephen L. Grant

**U.S. Trustee Personnel**
Andrew R. Vara
Joseph McMahon
Benjamin Hackman
Christine Green
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano

**Debtor's Advisors / Professionals**
Dentons US LLP
Pachulski Stang Ziehl & Jones LLP
Berkeley Research Group
Kurtzman Carson Consultants, LLC dba Verita Global

**Landlords**
Beverly Gemini Investments, LLC
Taking the 5th, LLC

---

[5] Houlihan Lokey has limited its search to the Interested Parties listed on this Exhibit B. Parent companies, subsidiaries, or other affiliates of Interested Parties have not been searched unless specifically noted.

Fifth/Arizona Investors, LLC
Reliq Pacifica LLC
Reliq Capital Partners
Dan McComb
Howard Levine

**<u>Insurance/Benefits Providers</u>**

Allied Benefit Systems, LLC
Hill Risk Services LLC
Premier Access Insurance Company
Southwest Healthcare Services
Healthnow Administrative Services

**<u>Significant Creditors/Vendors</u>**

Axios Capital Solutions, LLC
First Western Trust Bank
L.A. Care Health Plan
Federal Reserve Bank of Boston
Health Care Access and Information
Employment Development Department
Dept of Water & Power
Larry Tablante C/O Diversity Law Group, PC
Office of Finance City of L.A.
M G Industries
McKesson Medical Surgical, Inc
Sun Valley Emergency Physicians, PC
Nelson Hardiman LLP
Leech Tishman
Sierra Health Group LLC
U.S. Food Service, Inc.
Vicki Burris C/O Drake Law Group
Tiger Valley Medical Group Inc.
SEIU United Healthcare Workers-West
Edmond Melikterminas
Huron Managed Services, LLC
Alliance Pharmacy Inc
Addis Medical Group
Los Angeles Department of Water & Power
Office of Finance, City of Los Angeles
Senthil Durairaj
Francke Juste M.D.

**<u>Taxing Authority/Governmental/Regulatory Agencies</u>**

IRS/US Treasury Department
Internal Revenue Service Centralized Insolvency
U.S. Department of Health & Human Services

Centers for Medicare & Medicaid Services
Attorney General of the United States US Department of Justice
Office of The Attorney General-California

**State Agencies**

Franchise Tax Board (FTB) California Department of Tax and Fee Administration
Account Information Group
Los Angeles County Tax Collector
Department of Health Care Services
Department of Health Care Access and Information
Emergency Medical Services Authority
California Department of Health Care Services DHCS Office of Legal Services
Mental Health Services Oversight and Accountability Commission

**Other**

Westwood Healthcare Partners, LLC
Jerry Seelig
Ice Miller LLP
Sills Cummis & Gross P.C.
Raines Feldman Littrell LLP
Landis Rath & Cobb LLP
Buchalter LLP

# EXHIBIT C

## MATCH LIST

**Houlihan Lokey Corporate Finance – Closed Engagements**
Allied Benefit Systems, LLC

**Houlihan Lokey Financial Advisory Services – Closed Engagements**
Allied Benefit Systems, LLC
Dentons US LLP[1]
Verita Global[1]
Pachulski Stang Ziehl & Jones LLP

**Houlihan Lokey Financial Restructuring – Active Engagements**
Dentons US LLP
Pachulski Stang Ziehl & Jones LLP

[1] Clients include certain subsidiaries and affiliates of such company