**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH) |

**Objection Deadline: September 22, 2026 at 4:00 p.m. (ET)**
**Hearing Date: September 29, 2026 at 11:00 a.m. (ET)**

# DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE; (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS; (III) ESTABLISHING AN AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE; (IV) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; (V) APPROVING A NOTICE OF BAR DATES; AND (VI) GRANTING RELATED RELIEF

Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley, the debtor and debtor in possession ("Pacifica" or "Debtor") in the above-captioned chapter 11[2] case (the "Chapter 11 Case"), hereby files this motion (the "Motion") for entry of an order, pursuant to §§ 105(a), 501, 502, 503, and 1111(a) Rules 2002(a)(7), (f), (l), 3002, 3003(c), 5005(a), and 9008 , and Local Rules 1009-2, 2002-1, and 3001-1 , substantially in the proposed form attached hereto as **Exhibit A** (the "Bar Date Order"): (a) establishing **October 30, 2026, at 5:00 p.m., prevailing Eastern Time**, as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, estates, and trusts) to file proofs of claim

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" are to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

based on prepetition claims, including requests for payment under § 503(b)(9) (collectively, "Proofs of Claim") against the Debtor (the "Claims Bar Date"); (b) solely as to governmental units (as defined in § 101(27)), establishing **December 31, 2026, at 5:00 p.m., prevailing Eastern Time**, as the last date and time for each such governmental unit to file Proofs of Claim against the Debtor (the "Governmental Bar Date," and, together with the Claims Bar Date, the "Bar Dates" or the "Bar Date," as applicable); (c) establishing the Amended Schedules Bar Date and Rejection Damages Bar Date (as each term is defined herein); (d) approving the proposed Proof of Claim Form (as defined herein); (e) approving the proposed Bar Date Notice (as defined herein); (f) approving the proposed form of Publication Notice (as defined herein); and (g) granting related relief.

## I. JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The Debtor confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are §§ 105(a), 501, 502, 503, and 1111(a), Bankruptcy Rules 2002(a)(7), (f), (l), 3002, 3003(c), 5005(a), and 9008, and Local Rules 1009-2 and 2002-1, and 3001-1.

## II. BACKGROUND

4. On July 4, 2026 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11. Since the commencement of its case, the Debtor has been operating its business as a debtor in possession pursuant to §§ 1107 and 1108.

5. A detailed description of the Debtor's business and facts precipitating the filing of the Debtor's Chapter 11 proceeding is set forth in the *Declaration of Precious Mayes in Support of Emergency First Day Motions* [Docket No. 16].

6. On July 20, 2026, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 Case [Docket No. 78]. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case.

7. The Debtor has not yet filed its statements of financial affairs and schedules of assets and liabilities with the Court (collectively, the "Schedules"), but anticipates doing so prior to September 16, 2026. [*See* Docket No. 180 (requesting an extension of time until September 16, 2026, to file the Schedules).] The statutory meeting of creditors under § 341 has been continued to September 22, 2026.

## III. THE BAR DATES

### A. Summary

8. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to § 501. Moreover, Bankruptcy Rule

3003(c)(2) provides that any creditor who has a claim against the Debtor that arose prior to the Petition Date, and whose claim is not scheduled in the Debtor's Schedules or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim. Section 502(b)(9) further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim.

9. The Debtor proposes to allow creditors until October 30, 2026, at 5:00 p.m., prevailing Eastern Time, to file Proofs of Claim. The Debtor respectfully submits that the proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

**B. The Claims Bar Date**

10. The Debtor requests that the Court establish **October 30, 2026, at 5:00 p.m., prevailing Eastern Time**, as the Claims Bar Date. The Claims Bar Date would be the date by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, including requests for payment under § 503(b)(9), so that such Proofs of Claim are actually received by the Debtor's notice and claims agent, Kurtzman Carson Consultants, LLC dba Verita Global ("Verita"), by the Claims Bar Date, unless such person's or entity's claim falls within one of the exceptions set forth in this Motion. Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtor that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damages claims for executory contracts and unexpired leases that have already been rejected by order of the Court in this Chapter 11 Case.

11. Separately, and unless otherwise ordered by the Court, the Debtor requests that the Court establish a bar date for filing claims arising from the rejection of executory contracts and

unexpired leases of the Debtor as the later of: (a) the Claims Bar Date; (b) **5:00 p.m. prevailing Eastern Time** on the date that is **thirty (30) days** following entry of an order approving the rejection of the applicable executory contract or unexpired lease of the Debtor; and (c) any date that the Court may fix in the applicable order approving such rejection (any such date, a "Rejection Damages Bar Date").

**C. The Governmental Bar Date**

12. Section 502(b)(9) provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before one hundred and eighty (180) days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide … ." 11 U.S.C. § 502(b)(9). Therefore, the Debtor requests that **December 31, 2026 at 5:00 p.m., prevailing Eastern Time**, be established as the Governmental Bar Date in this Chapter 11 Case. The Governmental Bar Date would apply to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose or are deemed to have arisen prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party. All governmental units holding such claims against the Debtor would be required to file Proofs of Claim so that such Proofs of Claim are actually received by Verita by the Governmental Bar Date.

**D. Amended Schedules Bar Date**

13. In accordance with Local Rule 1009-2, in the event that the Debtor files a previously unfiled Schedule or further amends or supplements its Schedules after having given notice of the Bar Dates, the Debtor proposes that, with respect to holders of claims affected thereby, the Court establish the later of: (a) the Claims Bar Date or the Governmental Bar Date, as

applicable, for such claims; and (b) **5:00 p.m. prevailing Eastern Time** on the date that is **thirty (30) days** from the date on which the Debtor provides notice of the filing, amendment, or supplement to the Schedules, as the deadline by which claimants holding such claims must file Proofs of Claim with respect to such claims so that such Proofs of Claim are actually received by the Debtor's notice and claims agent, Verita, by such date (any such date, an "Amended Schedules Bar Date"). Notice of the Amended Schedules Bar Date shall be sent to each claimant holding a claim affected by any such filing, amendment, or supplement and shall: (a) describe the listing and treatment of such claim on the Schedules, including how such treatment has changed, if applicable; and (b) indicate the Amended Schedules Bar Date for such claim.

## IV. THE PROPOSED PROCEDURES FOR SUBMITTING PROOFS OF CLAIM

### A. Parties Required to File Proofs of Claim

14. Except as otherwise set forth herein, the Debtor proposes that the following entities holding claims against the Debtor that arose or are deemed to have arisen prior to the Petition Date be required to file Proofs of Claim on or before the applicable Bar Date:

a. any person or entity whose claim against the Debtor is not listed in the Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such person or entity desires to participate in this Chapter 11 Case or share in any distribution in this Chapter 11 Case;

b. any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c. any person who asserts a claim for medical malpractice against the Debtor that is not listed in the Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such person or entity desires to participate in this Chapter 11 Case or share in any distribution in this Chapter 11 Case;

d. any person or entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of the Debtor and has not previously filed any such claim; and

e. any person or entity that believes that its claim against a Debtor is or may be entitled to priority pursuant to § 503(b)(9).

**B. Parties Not Required to File Claims by the Claims Bar Date**

15. The Debtor proposes that the following persons or entities whose claims otherwise would be subject to the General Bar Date need not file proofs of claim:

a. any person or entity who has already filed a signed Proof of Claim against the Debtor with the Clerk of the Court or with Verita in a form substantially similar to Official Form 410;

b. any person or entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated"; (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation of the Debtor;

c. any person or entity whose claim has previously been allowed by order of the Court;

d. any person or entity whose claim has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e. any person or entity holding a claim for which a separate deadline is fixed by this Court; and

f. any person or entity holding a claim for fees and expenses of professionals retained in this Chapter 11 Case.

**C. The Proof of Claim Form**

16. The Debtor has prepared, and requests that the Court approve, a form for filing a Proof of Claim which, although based on Official Form 410, has been modified to allow creditors to request payment for claims under § 503(b)(9) substantially in the form of **Exhibit B** attached hereto (the "Proof of Claim Form"). In addition, with the assistance of its notice and claims agent, Verita, the Debtor proposes to provide each of the creditors listed on the Debtor's Schedules and, upon any filing, amendment, or supplement to the Debtor's Schedules, each of the creditors affected by such filing, amendment, or supplement with a "personalized" Proof of Claim Form,

which will indicate how the Debtor has scheduled the creditor's claim in the Schedules, including: (a) the amount of the scheduled claim, if any; (b) whether the claim is listed as contingent, unliquidated, or disputed; and (c) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

17. If the creditor disagrees with any of the information set forth on the "personalized" Proof of Claim Form, the creditor is required to file timely a Proof of Claim identifying the amount and type of such claim on or before the applicable Bar Date or Amended Schedules Bar Date. Additionally, creditors may choose not to use the personalized Proof of Claim Form and instead submit Proofs of Claim on Official Form 410.

## D. Requirements for Preparing and Filing Proofs of Claim

18. With respect to preparing and filing a proof of claim, the Debtor proposes that each proof of claim be required to be consistent with the following:

a. Contents. Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or is in ink.

b. Section 503(b)(9) Claim. In addition to the requirements set forth in (a) above, any proof of claim asserting a claim entitled to priority under § 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices and any other relevant documents for which the claim arising under section 503(b)(9) is being asserted; (iii) attach documentation of the date on which the goods were delivered to and received by the Debtor; (iv) attach documentation of any reclamation demand made to the Debtor under § 546(c) (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtor pursuant to any order of the Court authorizing the Debtor to pay prepetition claims.

c. Medical Malpractice Claim. Any proof of claim filed with respect to a claim for alleged medical malpractice or professional negligence must include a statement describing the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered, consistent with section 364 of the California Code of Civil Procedure.

d. Original Signatures Required. Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal at https://www.veritaglobal.net/pacificaofthevalley) will be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted. For the avoidance of doubt, signatures may be in electronic signature or ink.

e. Supporting Documentation. Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided that* any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtor's counsel upon request no later than 14 days from the date of such request.

f. Timely Service. Each proof of claim must be filed, including supporting documentation, so that the Notice and Claims Agent actually receives the proof of claim on or before the General Bar Date, the Governmental Bar Date, or, where applicable, on or before any other Bar Date as set forth herein or as otherwise ordered by the Court, either: (i) electronically through the Online Portal by clicking on "Submit Electronic Proof of Claim (ePOC)"; or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail, Overnight Courier, or Hand Delivery to:**

**Pacifica Claims Processing Center**
**c/o KCC dba Verita**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

g. Receipt of Service. Claimants wishing to receive acknowledgment that the Notice and Claims Agent received a particular proof of claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Notice and Claims Agent) and (ii) a self-addressed, stamped envelope.

## V. <u>CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM</u>

19. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor proposes that any entity who is required, but fails, to file a proof of claim pursuant to the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in this Chapter 11 Case on account of such claim, participating in any distribution in this Chapter 11 Case on account of such claim, or receiving further notices regarding such claim.

## VI. <u>PROCEDURES FOR PROVIDING NOTICE OF THE BAR DATES</u>

20. The Debtor proposes the following procedures for providing mailing and publication notice of the Bar Dates.

### A. Mailing of Bar Date Notices

21. No later than 5 business days after the later of (i) the date the Debtor files its Schedules with the Court or (ii) entry of the Bar Date Order, the Debtor shall cause notice of the Bar Dates, substantially in the form attached hereto as **<u>Exhibit C</u>** (the "<u>Bar Date Notice</u>") and the Proof of Claim Form (collectively, the "<u>Bar Date Package</u>") to be distributed by email, where available, or first class mail, if email is not available, to the following entities:

a. the U.S. Trustee;

b. counsel to the Committee;

c. all known potential creditors and their counsel (if known) including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

d. all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

e. all parties that have filed proofs of claim in this Chapter 11 Case as of the date of the Bar Date Order;

f. all known holders of equity securities in the Debtor as of the date of the Bar Date Order;

g. all known parties to executory contracts and unexpired leases with the Debtor as of the Petition Date, as identified in the Schedules;

h. all known parties to litigation with the Debtor as of the date of the Bar Date Order;

i. all current and former employees from the past two years (to the extent that contact information for former employees is available in the Debtor's records);

j. any applicable regulatory authorities;

k. the Internal Revenue Service;

l. all known taxing authorities for the jurisdictions in which the Debtor maintains or conducts business; and

m. the United States Attorney for the District of Delaware.

22. The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim, the procedures for filing a proof of claim, and the consequences of failure to timely file a proof of claim. The Debtor requests the Court approve the use of the Bar Date Notice.

**B. Supplemental Mailings**

23. After the initial service of the Bar Date Package, the Debtor may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[3] (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process. The Debtor requests that the Court permit the Debtor to make supplemental mailings of the Bar Date Package in the situations described above and similar circumstances as soon as reasonably

[3] However, if notices are returned as "return to sender" without a forwarding address, the Debtor requests that they should not be required to mail additional notices to such creditors.

practicable after entry of the Bar Date Order, with such mailings deemed timely and the applicable Bar Date being applicable to the recipient creditors.

**C. Publication Notice**

24. In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtor proposes to provide notice of the Bar Dates by publication. The Debtor proposes to publish the Bar Date Notice in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form of **Exhibit D** attached hereto (the "Publication Notice"), on one occasion in the national edition of *The New York Times* or other paper of similar national circulation on or before a date at least thirty (30) days before the Claims Bar Date.

25. The Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website at which creditors may obtain a copy of a Proof of Claim Form, and information concerning the procedures and appropriate deadlines for filing a proof of claim. In the Debtor's judgment, such publication is likely to reach the widest possible audience of creditors who may not otherwise have notice of this Chapter 11 Case.

## VII. BASIS FOR RELIEF

**A. The Court Should Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in This Chapter 11 Case.**

26. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of

claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) relating to governmental units).

27. It is well-recognized that the claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999); *see also Ellis v. Westinghouse Elec. Co*., 11 F.4th 221, 221 (3d Cir. 2021) (Court emphasized that "[d]ates matter in bankruptcy" and "[f]or creditors, none is more important than the 'bar date.'"). The claims bar date allows the debtor and parties in interest to determine and evaluate expeditiously the liabilities of the estate. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

28. The procedures described herein provide creditors with ample notice and opportunity, and a clear process for filing Proofs of Claim, and the procedures help to achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and will allow this Chapter 11 Case to move forward quickly with a minimum of administrative expense and delay, on the other hand.

29. The Debtor's proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective

Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties. Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed both to streamline the claims process and to provide useful information to creditors as to whether and how their claims are reflected in the Debtor's Schedules. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtor with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during this Chapter 11 Case (such as in the event of contract rejections).

**B. The Proposed Notice Procedures are Reasonable and Appropriate.**

30. Bankruptcy Rule 2002(a)(7) requires that the Debtor provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

31. In conjunction with setting deadlines to file Proofs of Claim, the Debtor must give appropriate notice to interested parties. The Debtor proposes to mail the Bar Date Notice to its known creditors and thus must rely on publication to give notice to its unknown creditors. This procedure is consistent with applicable case law and practice in this district. *See, e.g., Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *Chemetron*, 72 F.3d at 346. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's

bankruptcy filing and bar claims date. For unknown creditors, notification by publication will generally suffice." *Id*. (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id*. (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id*. (citing *Mullane*, 339 U.S. at 317).

32. Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *Mullane*, 339 U.S. at 317–18. Rather, the required search is limited to a debtor's "books and records." *Chemetron*, 72 F.3d at 347.

33. Conversely, the Debtor's proposed notice procedures rely on publication to give notice to any unknown creditors. This procedure is consistent with applicable case law and practice in this district. Specifically, where a creditor is unknown to a debtor, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting proofs of claim. *See, e.g., Chemetron* 72 F.3d at 348 ("It is well established that, in providing notice to unknown creditors, constructive notice of the bar claims date by publication satisfies the requirements of due process."); *In re Energy Future Holdings Corp*., 522 B.R. 520, 529 (Bankr. D. Del. 2015) ("[T]he debtor need only provide 'unknown creditors' with constructive notice by publication."). Therefore, where a creditor's name and address are not reasonably ascertainable after review of a debtor's books and records, due process

only requires publication notice of the deadline for submitting proofs of claim—the Debtor is not required to engage in impracticable discovery efforts to find creditor addresses that are not reasonably on hand. *See Mullane*, 339 U.S. at 317 (explaining that the Supreme Court "has not hesitated to approve of resort to publication . . . where it is not reasonably possible or practicable to give more adequate warning"); *Chemetron* 72 F.3d at 346–47.

34. Furthermore, publication notice is satisfied by publishing notice in a national newspaper. *Chemetron*, 72 F.3d at 348–49 (affirming the district court's finding that publication notice was sufficient to apprise unknown parties of the claims bar date); *see also In re Grossman's Inc.*, 607 F.3d 114, 117 (3d Cir. 2010) (enumerating relevant factors to determine whether a particular claim had been discharged by a chapter 11 plan, including whether creditors were known or unknown and whether notice of the bar date came to the claimants' attention); *In re Best Prods. Co*., 140 B.R. 353 (Bankr. S.D.N.Y. 1992).

35. The Debtor submits that the relief requested herein provides clear notice of the General Bar Date, the Governmental Bar Date, and other Bar Dates in satisfaction of the requirements of applicable law. Specifically, to the extent the General Bar Date is established as proposed, the Debtor intends to cause the Bar Date Notice to be distributed no later than 5 business days after the later of (i) the date the Debtor files its Schedules with the Court or (ii) entry of the Bar Date Order. Known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file proofs of claim, if necessary. The Debtor will also cause the Publication Notice to be published by a date that is at least 30 days before the General Bar Date. Accordingly, each claimant will have at least 30 days' actual or constructive notice of the Bar Date for filing its proof of claim, thereby satisfying Bankruptcy Rule 2002(a)(7) and constitutional due process.

36. In addition, in the event the Debtor amends or supplements the Schedules subsequent to the date on which the Debtor serves the Bar Date Notice, the Debtor shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than 30 days from the notice date to file proofs of claim with respect to their claims. Moreover, unless otherwise ordered by the Court, and in the event the Debtor rejects an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of (i) the General Bar Date, and (ii) 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtor or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtor pursuant to operation of any Court order.

37. The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules and file proofs of claim while, at the same time, ensuring that the Debtor can achieve certainty with respect to its liabilities in a timely manner.

38. Accordingly, the Debtor submits that the Bar Dates and the form and manner of providing notice thereof are appropriate under the circumstances, inure to the benefit of all parties in interest, and should be approved.

## VIII. NOTICE

39. The Debtor will provide notice of this Motion to: (a) the U.S. Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtor; (c) the office of the Attorney General for each of the states in which the Debtor operates; (d) the United States Attorney's Office for the District of Delaware; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## IX. NO PRIOR REQUEST

40. No prior request for the relief sought in this Motion has been made to this Court or to any other Court.

## X. CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested herein; and (ii) granting the Debtor such other and further relief as the Court deems just and proper.

Dated: September 9, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Samuel R. Maizel (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
samuel.maizel@dentons.com

John D. Beck (admitted *pro hac vice*)
Geoffrey Miller (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Counsel to Debtor and Debtor in Possession*