# **EXHIBIT A**

## **Proposed Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH)<br><br>**Docket Ref. No. ___** |

**ORDER: (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE; (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS; (III) ESTABLISHING AN AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE; (IV) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; (V) APPROVING A NOTICE OF BAR DATES; AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the Motion[2] of the above-captioned debtor and debtor in possession (collectively, the "Debtor") for entry of an order (this "Order"): (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in this Chapter 11 Case, (b) establishing the Governmental Bar Date, (c) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (d) approving the form and manner for filing such claims, including any section 503(b)(9) requests for payment, (e) approving notice of the Bar Dates (as defined herein), (f) approving the proposed form of publication notice, and (g) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

**A. The Proof of Claim Form**

2. The Proof of Claim form, substantially in the form attached to the Motion as **Exhibit B**, is approved. The Debtor may accept either the Proof of Claim Form or Official Form 410 via either hard copy or the Online Portal, subject only to the limitations set forth in this Order.

**B. The Bar Dates and Procedures for Filing Proofs of Claim**

3. Each person or entity[3] that asserts a claim against the Debtor that arose or is deemed to have arisen before the Petition Date, including requests for payment under § 503(b)(9) and any claim for alleged medical malpractice, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form of Official Form 410.[4] Except in the cases of governmental units and certain other exceptions explicitly set forth herein, **all Proofs of Claim**

[3] Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in § 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in § 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in § 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in § 101(41) of the Bankruptcy Code.

[4] Copies of Official Form 410 may be obtained by: (a) contacting the information line at 888 249 2792 (U.S./Canada), +1 310 751 2607 (International); (b) visiting the Debtor's website at https://www.veritaglobal.net/pacificaofthevalley; (c) writing to the Debtor's claims agent, Pacifica Claims Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; and/or visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

**must be filed so that they are actually received on or before October 30, 2026, at 5:00 p.m. (prevailing Eastern Time) (the "Claims Bar Date") at the addresses and in the form set forth herein.** The Claims Bar Date applies to all types of claims against the Debtor that arose or are deemed to have arisen before the Petition Date (including requests for payment under § 503(b)(9) and any claim for alleged medical malpractice), except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Order.

4. All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to § 503(b)(9), must file Proofs of Claim, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party, **so they are actually received on or before December 31, 2026, at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date," and together with the Claims Bar Date, the "Bar Date" or "Bar Dates," as may be applicable) at the addresses and in the form set forth herein.

5. If the Debtor files a previously unfiled Schedule or amends or supplements the Schedules after having given notice of the Bar Dates, the Debtor shall give notice by first-class mail of any filing, amendment, or supplement to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of: (a) the Claims Bar Date or the Governmental Bar Date, as applicable; or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is **thirty (30) days** from the date the notice of the filing, amendment, or supplement is given (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

6. Unless otherwise ordered, all persons or entities asserting claims arising from the rejection of executory contracts or unexpired leases of the Debtor shall file a Proof of Claim on account of such rejection by the later of: (a) the Claims Bar Date; (b) 5:00 p.m. (prevailing Eastern Time) on the date that is **thirty (30) days** following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtor; and (c) any date that the Court may fix in the applicable order approving such rejection (the "Rejection Damages Bar Date").

7. All proofs of claim must be filed so that Verita, the Notice and Claims Agent, actually receives such proofs of claim on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein). If proofs of claim are not received by Verita on or before the Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtor and receiving distributions from the Debtor on account of such claims in this Chapter 11 Case.

**C. Parties Excepted from the Bar Date**

8. The following categories of claimants shall not be required to file a Proof of Claim by the applicable Bar Date:

a. any person or entity who has already filed a signed Proof of Claim against the Debtor with the Clerk of the Court or with Verita in a form substantially similar to Official Form 410;

b. any person or entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated"; (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation of the Debtor;

c. any person or entity whose claim has previously been allowed by order of the Court;

d. any person or entity whose claim has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e. any person or entity holding a claim for which a separate deadline is fixed by this Court; and

f. any person or entity holding a claim for fees and expenses of professionals retained in this Chapter 11 Case.

**Substantive Requirements of Proofs of Claim.**

9. The following requirements shall apply with respect to filing and preparing each proof of claim:

a. Contents. Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or is in ink.

b. Section 503(b)(9) Claim. In addition to the requirements set forth in (a) above, any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices and any other relevant documents for which the claim arising under section 503(b)(9) of the Bankruptcy Code is being asserted; (iii) attach documentation of the date on which the goods were delivered to and received by the Debtor; (iv) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtor pursuant to any order of the Court authorizing the Debtor to pay prepetition claims.

c. Medical Malpractice Claim. Any Proof of Claim filed with respect to a claim for alleged medical malpractice or professional negligence must include a statement describing the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered, consistent with section 364 of the California Code of Civil Procedure.

d. Original Signatures Required. Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal at https://www.veritaglobal.net/pacificaofthevalley) will be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted. For the avoidance of doubt, signatures may be in electronic signature or ink.

e. Supporting Documentation. Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided that* any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtor's counsel upon request no later than 14 days from the date of such request.

f. Timely Service. Each proof of claim must be filed, including supporting documentation, so that the Notice and Claims Agent actually receives the proof of claim on or before the General Bar Date, the Governmental Bar Date, or, where applicable, on or before any other Bar Date as set forth herein or as otherwise ordered by the Court, either: (i) electronically through the Online Portal by clicking on "Submit Electronic Proof of Claim (ePOC)"; or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail, Overnight Courier, or Hand Delivery to:**

**Pacifica Claims Processing Center**
**c/o KCC dba Verita**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

g. Receipt of Service. Claimants wishing to receive acknowledgment that the Notice and Claims Agent received a particular proof of claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Notice and Claims Agent) and (ii) a self-addressed, stamped envelope.

**D. Identification of Known Creditors**

10. The Debtor shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) to its known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

**E. Procedures for Providing Notice of the Bar Date**

**(i) Mailing of Bar Date Notices**

11. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtor proposes to cause written notice of the Bar Dates, substantially in the form attached to the Motion as **Exhibit C** (the "Bar Date Notice") and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first-class mail, no later than five (5) business days after the entry of this Order, to the following entities:

a. the U.S. Trustee;

b. counsel to the official committee of unsecured creditors appointed in this Chapter 11 Case;

c. all known potential creditors and their counsel (if known) including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

d. all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

e. all parties that have filed proofs of claim in this Chapter 11 Case as of the date of the Bar Date Order;

f. all known holders of equity securities in the Debtor as of the date of the Bar Date Order;

g. all known parties to executory contracts and unexpired leases with the Debtor as of the Petition Date, as identified in the Schedules;

h. all known parties to litigation with the Debtor as of the date of the Bar Date Order;

i. all current and former employees (to the extent that contact information for former employees is available in the Debtor's records);

j. any applicable regulatory authorities;

k. the Internal Revenue Service;

l. all known taxing authorities for the jurisdictions in which the Debtor maintains or conducts business; and

m. the United States Attorney for the District of Delaware.

12. The Debtor shall provide all known creditors listed in the Debtor's Schedules and, upon any amendment to the Debtor's Schedules, each of the creditors affected by such amendment, with a "personalized" Proof of Claim Form, which will identify how the Debtor has scheduled the creditor's claim in the Schedules, including, without limitation: (a) the amount of the scheduled claim, if any; (b) whether the claim is listed as contingent, unliquidated, or disputed; and (c) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtor and correct any information that is missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

13. After the initial mailing of the Bar Date Packages, the Debtor may, in its discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtor may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to twenty-one (21) days in

advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**(ii) Publication of Bar Date Notice**

14. The Publication Notice, substantially in the form attached to the Motion as **Exhibit D** is approved.

15. The Debtor shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtor and creditors whose identities are known but whose addresses are unknown by the Debtor. Specifically, the Debtor shall cause the Bar Date Notice to be published on one occasion in the national edition of *The New York Times* or other paper of similar national circulation as soon as reasonably practical after the entry of this Order.

16. Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtor may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of due process, the Bankruptcy Rules, and the Local Rules.

**F. Consequence of Failure to File a Proof of Claim**

17. Any person or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Without limiting the foregoing

sentence, any creditor asserting a claim entitled to priority pursuant to § 503(b)(9) that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to § 503(b)(9), regardless of whether such claim is identified on Schedule E/F of the Schedules as not contingent, not disputed, or not liquidated.

18. Any person or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan filed in this Chapter 11 Case, participating in any distribution in this Chapter 11 Case on account of such claim, or receiving further notices regarding such claim.

19. Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtor may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of due process, the Bankruptcy Rules, and the Local Rules.

**F. Miscellaneous**

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.