**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH)<br><br>**Docket Ref. No. 188** |

**DEBTOR'S MOTION TO SHORTEN NOTICE**
**IN CONNECTION WITH BID PROCEDURES MOTION**

The above-captioned debtor and debtor in possession (collectively, the "Debtor") respectfully state as follows in support of this motion:

**Relief Requested**

1. By this motion, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor respectfully requests entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) shortening notice on the *Debtor's Motion for the Entry of (I) an Order (1) Approving Auction Sale Format and Bidding Procedures; (2) Approving Process for Discretionary Selection of Stalking Horse Bidder and Bid Protections; (3) Approving Form of Notice to Be Provided to Interested Parties; (4) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest and Best Bidder; and (5) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; and (II) an Order Authorizing*

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is 7312. The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

*the Sale of Property Free and Clear of All Claims, Liens and Encumbrances* [Docket No. 188] (the "Bid Procedures Motion"), filed concurrently herewith; (b) setting the hearing to consider the Bid Procedures Motion for the hearing currently scheduled in this case on **September 29, 2026 at 11:00 a.m. (prevailing Eastern Time)** (the "Hearing"); and (c) granting related relief.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rules 6004-1(c) and 9006-1(c) and (e).

**Background**

5. On July 4, 2026 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11. Since the commencement of its case, the Debtor has been operating its business as a debtor in possession pursuant to §§ 1107 and 1108. On July 20, 2026, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in this Chapter 11 Case [Docket No. 78]. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case.

6. A detailed description of the Debtor's business and facts precipitating the filing of the Debtor's Chapter 11 proceeding is set forth in the *Declaration of Precious Mayes in Support of Emergency First Day Motions* [Docket No. 16].

**Basis for Relief**

7. Local Rule 9006-1 provides that "Sale Procedure Motions filed pursuant to Local Rule 6004-1(c) . . . must be filed at least twenty-one (21) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i); *see also* Del. Bankr. L.R. 6004-1(c) (stating that a "Sale Procedures Motion" will be scheduled for a hearing "on at least twenty-one (21) days' notice, unless the requesting party files a motion to shorten notice").

8. Local Rule 9006-1 further provides, in pertinent part, that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Local Rule 9006-1 requires that "the deadline for objection(s) shall be seven (7) days before the hearing date." Del. Bankr. L.R. 9006-1(c)(ii).

9. Bankruptcy Rule 9006 authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an *ex parte* basis. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen

an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *see also In re Chateaugay Corp.*, 111 B.R. 399, 407–08 (S.D.N.Y. 1990) (affirming the bankruptcy court's decision to shorten a notice period where there was no prejudice to the non-moving party and where cause was shown).

10. Here, the exigencies justify shortening notice of the Bid Procedures Motion, which is subject to the 21-day notice period of Local Rule 9006-1. As provided in greater detail in the Bid Procedures Motion, the Debtor has determined that the sale of substantially all of the Debtor's assets is in the best interest of the estate and will yield the maximum value to stakeholders. The schedule proposed in the Bid Procedures Motion is driven by the Debtor's ongoing liquidity issues. The expedited sale timeline, that among other things requires a hearing to approve the sale in late October 2026, relies upon the entry of a bid procedures order as soon as possible to maximize the prospects for a successful auction and ensure stability for the Debtor and its employees, suppliers, and patients. Without shortened notice, the Bid Procedures Motion would not be heard until a later hearing to be scheduled, which would disrupt the sale process and would interfere with the efforts to pursue the sale described in the Bid Procedures Motion, to the detriment of the Debtor's estate, creditors, and stakeholders.

11. The Bid Procedures Motion was filed shortly after midnight on September 10, 2026. The Debtor requests that the Bid Procedures Motion may be heard at the hearing currently scheduled for September 29, 2026. Parties will receive approximately 19 days' notice of the Bid Procedures Motion. Parties in interest will receive a copy of the Bid Procedures Motion via email or first-class mail. A copy of the Bid Procedures Motion is also available on the Debtor's case

website at https://www.veritaglobal.net/pacificaofthevalley. Accordingly, shortening notice for the Bid Procedures Motion will not unduly prejudice any parties in interest.

12. For these reasons, the Debtor respectfully submits that compelling circumstances exist and that the Court should shorten notice of the Bid Procedures Motion to have it heard on **September 29, 2026 at 11:00 a.m. (prevailing Eastern Time)** and set the objection deadline for responses to the Bid Procedures Motion for **September 22, 2026 at 4:00 p.m. (prevailing Eastern Time)**.

## Compliance with Local Rule 9006-1(e)

13. Before filing this motion, counsel to the Debtor notified the U.S. Trustee and counsel to the Committee of its intention to seek shortened notice with respect to the Bid Procedures Motion. Neither the U.S. Trustee nor Committee objects to the shortened notice.

14. The Debtor will provide notice of this Motion to Shorten via email if available (or overnight mail if email is not available) upon: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the prepetition secured lenders; and (d) all parties requesting notice in this case pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). After entry of an Order on the Motion to Shorten, the Debtor will serve notice of the hearing on the Bid Procedures Motion on the Notice Parties by e-mail, fax, or overnight mail. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: September 10, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com

-and-

**DENTONS US LLP**

Tania M. Moyron (admitted *pro hac vice*)
Samuel R. Maizel (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: tania.moyron@dentons.com
samuel.maizel@dentons.com

John D. Beck (admitted *pro hac vice*)
Geoffrey Miller (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: john.beck@dentons.com
geoffrey.miller@dentons.com

*Counsel to Debtor and Debtor in Possession*