**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - -- - - - - - - - - - - - - - - - - - - x

In re:

Simply Interior Homes, LLC, *et al.*,[1]

          Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

: Chapter 11

: Case No. 26-10922 (CTG)

: (Jointly Administered)

: *Proposed* **Hearing Date: On or Before July 10, 2026**
: *Proposed* **Objection Deadline: 4:00 p.m. (ET) on the day prior to the Hearing**

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING**
**THE DEBTORS TO ABANDON CERTAIN GOODS**
**THAT REMAIN IN POSSESSION OF LAUFER GROUP**
**INTERNATIONAL LLC, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully move (the "Motion") as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Debtors confirm their consent to the entry of a final order or judgment by the Court with respect to this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number include:  Simply Interior Homes, LLC (8509); Simply Interior Homes AcquisitionCo, LLC (9643); SIH Beckham Buyer, LLC (5210); SIH-HSD Holdings, LLC (5402); SIH-BB Holdings, LLC (2303); SIH-DMD Holdings, LLC (2411); and SIH-SR Holdings, LLC (1835).  The location of the Debtors' service address in these chapter 11 cases is 3042 Southcross Boulevard, Suite 102, Rock Hill, SC 29730.

13021403

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief requested herein is section 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## GENERAL BACKGROUND

4.      On June 8, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code (these "Chapter 11 Cases").  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

5.      On June 18, 2026, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following five members: (i) Shanghai Chanco Enterprise Development Co., Ltd.; (ii) Osaley Home Fashions Co., Ltd.; (iii) United Linens Ltd.; (iv) Jiangsu Skymade Textile Technology Co., Ltd.; and (v) Faze Three Ltd.  *See* Docket No. 93.

6.      Additional factual background regarding the Debtors, including their business operations, corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases is set forth in detail in the *Declaration of Adam Zalev in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 11] (the "First Day Declaration").[2]

7.      Since May 12, 2025, Laufer Group International LLC ("Laufer") has provided non-vessel operating common carrier ("NVOCC") services to the Debtors and their affiliates.  Laufer operates in accordance with its tariff published with the Federal Maritime Commission.  A variety

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

of home goods and furnishings (the "Goods") are currently in Laufer's possession to transport through customs for the Debtors.  Currently, Laufer asserts that it holds a maritime lien on the Goods securing its prepetition NVOCC services performed for the Debtors that remain unpaid.

8.      Due to the Debtors' nonpayment of customs duties and fees, the Debtors are unable to import goods.  U.S. Customs and Border Protection will not clear any future entries of the Goods until outstanding customs and duties fees are paid.  This would require the Debtors to seek a new importation bond and use $600,000 to fully cash collateralize such bond.  The Debtors anticipate approximately twelve to eighteen months would elapse before the collateralized cash would release back to the Debtors after obtaining such bond.  Furthermore, Laufer will not release the Goods until its prepetition and postpetition claims are paid in full.

9.      Until the outstanding customs duties and fees are paid, the Goods remain in storage with Laufer, where they continue to accrue postpetition charges of approximately $10,000 per day. Laufer asserts that the current amount the Debtors owe on prepetition and postpetition claims well exceeds $500,000.

10.     Given the substantial expense required for the Debtors to retrieve the Goods in Laufer's possession compared to the lower liquidation value of those Goods were the Debtors to sell such goods under the authority granted by the Court, the Debtors have determined that it would be economically prudent to abandon certain of the Goods currently in Laufer's possession. Accordingly, other than with respect to the Kate Spade branded Goods in Laufer's possession (the "Kate Spade Goods"), the Debtors seek to abandon all other Goods in Laufer's possession (the "Abandoned Goods"), as set forth in this Motion.[3]

---

[3] In accordance with statements made by the Debtors at the first day hearing held on June 9, 2026, the Debtors will not take any actions with respect to the Kate Spade Goods absent a court order or consent from Live Comfortably, LLC.

3

13021403

**RELIEF REQUESTED**

11.     By this Motion, the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to section 554(a) of the Bankruptcy Code, (I) authorizing the Debtors to abandon certain goods that remain in possession of Laufer, and (II) granting related relief.

12.     For the avoidance of doubt, the Debtors are not seeking to abandon any of the Kate Spade Goods that Laufer holds.

**BASIS FOR RELIEF REQUESTED**

13.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

14.     A debtor's power to abandon property is discretionary and within its business judgment. *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003). Courts defer to the debtor's judgment and place the burden on the party opposing abandonment to prove a benefit to the estate and an abuse of the debtor's discretion. *Id.* (citing *In re Interpictures, Inc.*, 168 B.R. 526 (Bankr. E.D.N.Y. 1994)). The right to abandon exists so that "burdensome property" can be removed and "the best interests of the estate" will be furthered. *South Chicago Disposal, Inc. v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*, 130 B.R. 162, 166 (S.D.N.Y. 1991). The party opposing abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate. *Slack*, 290 B.R. at 284 (citing *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997)); *see also In re Dilley*, 378 B.R. 1, 7 (Bankr. D. Me. 2007). The court only needs to find that the debtor made (a) a business judgment, (b) in good faith, (c) upon some reasonable basis and (d) within the debtor's scope of

4

13021403

authority. *Slack*, 290 B.R. at 284 (citing *In re Fulton*, 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993)); *see also In re Wilson*, 94 B.R. 886, 888-90 (Bankr. E.D. Va. 1989). Moreover, "[g]ood faith, reasonable basis, and statutory authority will be presumed unless there is evidence suggesting otherwise." *Dilley*, 378 B.R. at 7.

15. Given the outstanding customs duties and fees that remain unpaid, release of the Goods for import is not possible until the Debtors use $600,000 to collateralize a new importation bond. As explained above, the Debtors anticipate that, after obtaining an importation bond, it would likely take more than a year for the collateralized cash to be released back to the Debtors. Until entry is permitted, the Goods remain in storage with Laufer, accruing charges of approximately $10,000 per day, in addition to Laufer's asserted prepetition and postpetition claims that well exceed $500,000.

16. The Debtors' decision to abandon the Abandoned Goods is within the sound exercise of the Debtors' business judgment, in good faith, and reasonable. Given the circumstances presented herein, the expense and timing associated with the release of the Abandoned Goods has created a financial burden that outweighs any potential value that the Abandoned Goods may provide to the Debtors and their estates.

17. Continuing to seek retrieval of the Abandoned Goods provides little to no material value or benefit to the Debtors' estates. Moreover, the Debtors have access to a substantial amount of other goods and inventory needed to fulfill customer orders and continue their business operations.

18. For the reasons set forth herein, abandonment of the Abandoned Goods is within the Debtors' sound business judgment, reasonable under the circumstances, and appropriate under section 554 of the Bankruptcy Code.

5

13021403

## NOTICE

19.      Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the Committee; (c) the DIP Secured Parties; (d) the Prepetition Secured Parties; (e) counsel for Laufer; (f) the Internal Revenue Service; (g) the United States Attorney's Office for the District of Delaware; (h) the state attorneys general for all states in which the Debtors conduct business; (i) any party with an interest in the Abandoned Goods; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

[*Remainder of Page Intentionally Left Blank*]

6

13021403

Dated: July 6, 2026            **POTTER ANDERSON & CORROON LLP**
      Wilmington, Delaware

*/s/ James R. Risener III*
L. Katherine Good (No. 5101)
Brett M. Haywood (No. 6166)
James R. Risener III (No. 7334)
Sheridan T. Hill, II (No. 7605)
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Tel: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
       bhaywood@potteranderson.com
       jrisener@potteranderson.com
       shill@potteranderson.com

– and –

**GOODWIN PROCTER LLP**
Kizzy L. Jarashow (admitted *pro hac vice*)
Barry Z. Bazian (admitted *pro hac vice*)
Stacy Dasaro (admitted *pro hac vice*)
Artem Skorostensky (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel: (212) 813-8800
Facsimile: (212) 355-3333
Email: kjarashow@goodwinlaw.com
       bbazian@goodwinlaw.com
       sdasaro@goodwinlaw.com
       askorostensky@goodwinlaw.com

*Counsel for Debtors and Debtors in Possession*

13021403