**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>SIMPLY INTERIOR HOMES, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10922 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 27, 2026 at 1:30 p.m. (ET)**<br>**Objection Deadline: July 20, 2026 at 4:00 p.m. (ET)**<br><br>**Related Docket No. 247** |

**OBJECTION OF LIVE COMFORTABLY, LLC TO THE DEBTORS' MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ABANDON CERTAIN
KATE SPATE GOODS THAT REMAIN IN POSSESSION OF LAUFER GROUP
INTERNATIONAL, LLC, AND (II) GRANTING RELATED RELIEF**

Live Comfortably, LLC ("LC"), by and through it undersigned counsel, hereby files this

objection (the "Objection") to the Debtors' *Motion for Entry of an Order (I) Authorizing the*

*Debtors to Abandon Certain Kate Spade Goods that Remain in Possession of Laufer Group*

*International LLC, and (II) Granting Related Relief* [Docket No. 247] (the "Abandonment

Motion").

**BACKGROUND**

1. On June 8, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition

for relief pursuant to chapter 11 of the Bankruptcy Code (these "Chapter 11 Cases") in front of the

Bankruptcy Court for the District of Delaware (the "Court").

2. On July 6, the Debtors filed a motion to abandon certain goods in the possession of

Laufer Group International LLC ("Laufer"), excluding the Kate Spade branded goods (the "Kate

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number include: Simply Interior Homes, LLC (8509); Simply Interior Homes Acquisition Co.,
LLC (9643); SIH Beckham Buyer, LLC (5210); SIH-HSD Holdings, LLC (5402); SIH-BB Holdings, LLC
(2303); SIH-DMD Holdings, LLC (2411); and SIH-SR Holdings, LLC (1835). The location of the Debtors'
service address in these chapter 11 cases is 3042 Southcross Boulevard, Suite 102, Rock Hill, SC 29730.

Spade Laufer Goods"), in connection with Laufer's alleged $500,000 in prepetition and postpetition storage-fee claims and a potential $600,000 importation bond. On July 13, the Court approved the motion.  On the same day, the Debtors filed the Abandonment Motion seeking to abandon the Kate Spade Laufer Goods.

3.     In the year prior to the Petition Date, LC and Debtor Simply Interior Homes, LLC ("SIH") were in a contractual relationship under which LC authorized SIH to manufacture and distribute certain Kate Spade branded products. That relationship was terminated shortly before the Petition Date.

4.     Specifically, in 2025, LC became the licensee under that certain License Agreement (the "License Agreement") by and between Coach Services, Inc. ("Coach") and Keeco, LLC, pursuant to which Coach granted LC a license to use specified Kate Spade trademarks on merchandise in connection with the manufacture, advertising, merchandising, sale, and distribution of such merchandise to customers in accordance with the terms of the License Agreement.

5.     Under the Letter of Authorization dated August 19, 2025, Coach and LC authorized SIH to engage in certain activities in connection with the development, manufacture, sale, and distribution of certain Kate Spade-branded products pursuant to the License Agreement and business arrangement between Coach and LC.

6.     On May 26, 2026, LC issued SIH a letter titled "*Termination of Relationship with Live Comfortably, LLC*," terminating the Letter of Authorization and SIH's authorization to continue to develop, produce, sell, or distribute any licensed merchandise associated with the License Agreement, effective immediately as of the date of the letter.

7.     Since the termination of the Letter of Authorization, LC has been negotiating with SIH to resolve the disposition of the Kate Spade branded goods that are in SIH's possession, in the process of being transferred to SIH, or still being manufactured by factories under contract with SIH (collectively, the "Kate Spade Goods"), given that SIH is no longer permitted to sell any Kate Spade Goods.   The goods subject to the Abandonment Motion are a part of the larger discussions surrounding the Kate Spade Goods, and accordingly LC objects to abandonment of such goods at this time.

## OBJECTION

8.     Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *See* 11 U.S.C. § 554(a).

9.     The Debtors bear the burden of proving that the property is of inconsequential value and inconsequential benefit to the estate.  "Abandonment should only be approved when property either is a 'burden' to the estate or of inconsequential value and benefit to the estate . . .  issues upon which the trustee, as the moving party, has the evidentiary burden." *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 635 (Bankr. E.D. Pa. 1999).

10.     Here, the Debtors have not shown that the Kate Spade Laufer Goods are (1) burdensome to the estate, or (2) of inconsequential value or inconsequential benefit to the estates.

11.     Initially, the Kate Spade Laufer Goods may have value to the estates.  LC is in active negotiations with the Debtors regarding the disposition of the Kate Spade Goods, including the Kate Spade Laufer Goods, and the parties have exchanged comments on term sheets.

12.     The Kate Spade Laufer Goods present a concrete opportunity to generate value for the estates, which will increase recoveries for creditors.  LC is prepared to consummate a

transaction promptly upon agreement on the material terms.  A sale would generate cash proceeds for the estates and, in turn, increase distributions to creditors.  Indeed, as the Debtors acknowledge in the Abandonment Motion, the parties are in the midst of negotiating a sale of the Kate Spade Laufer Goods.  Accordingly, it is premature for the Court to hear or grant the Abandonment Motion at this time.

13.     Secondly, administration of the Kate Spade Laufer Goods is not burdensome to the estates. The ongoing storage charges are modest compared with the potential value the estates may realize from a disposition agreement with LC.  And in any event, the parties' disposition agreement is expected to address and resolve the storage-fee issue in connection with the release and transfer of the goods.

14.     Courts frequently hold that where a debtor is negotiating the sale of the estate property with a potential buyer, the property is not "of inconsequential value and benefit to the estate." *See In re K.C. Mach. & Tool Co.*, 816 F.2d 238, 245 (6th Cir. 1987) (holding that the property is not burdensome to the debtor's estate where the "trustee had a ready buyer for the property" and that the administration of the property will benefit the estate); *In re Buchanan*, 270 B.R. 689 (Bankr. N.D. Ohio 2001) (denying the request to abandon and that the property where the proposed sale would generate proceeds sufficient to satisfy secured and priority claims and potentially provide a distribution to unsecured creditors, such that the property was not of inconsequential value or benefit to the estate); *In re Bolden*, 327 B.R. 657, 660–61, 666–68 (Bankr. C.D. Cal. 2005) (denying abandonment where the trustee had obtained a written offer subject to inspection of the property and a sale would generate a material benefit for creditors and the estate); *Viet Vu v. Kendall (In re Viet Vu)*, 245 B.R. 644, 646–50 (B.A.P. 9th Cir. 2000) (affirming denial of the debtors' motion to compel abandonment where the trustee had a ready buyer and had moved

to approve a $1.9 million sale expected to generate between $266,846 and $742,500 for the estate);

*In re Baroni*, 654 B.R. 334, 347 (Bankr. C.D. Cal. 2023), aff'd, 658 B.R. 551 (C.D. Cal. 2024) (approving the sale and denying motion to compel abandonment where the sale would generate substantial net proceeds and provide consequential value and benefit to the estate).[2]

## RESERVATION OF RIGHTS

15. LC reserves all of its rights, claims, defenses, including, but not limited to, the right to supplement this Objection and to raise additional arguments in connection with the Abandonment Motion and conduct discovery and present evidence related to any of the foregoing. Nothing contained in this Objection shall constitute a waiver of: (a) the right to have final orders in non-core matters entered only after de novo review by a District Court Judge; (b) the right to trial by jury in any proceeding triable in this case or any case, controversy, or proceeding related to this case; (c) the right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary abstention; (d) any objection to the jurisdiction or venue of the Bankruptcy Court; (e) an election of remedy; (f) the right to amend this request; (g) the right to assert claims for attorneys' fees and costs which may accrue or have accrued; and/or (h) any other right, claim, defense, action, setoff, or recoupment, in law or in equity, under any agreement, all of which are expressly reserved.

## CONCLUSION

16. For the reasons stated above, LC requests that the Court deny the Abandonment Motion and grant such other and further relief as it deems just and proper.

---

[2] Abandonment under section 554(a) of the Bankruptcy Code is subject to the same requirements as abandonment under section 554(b) of the Bankruptcy Code. *In re Childs*, 677 B.R. 356, 365 (Bankr. E.D. Mich. 2026) ("Section 554(b) allows for a 'party in interest' to move for an order directing the trustee to abandon property for the same reasons as stated in section 554(a)."); *see also In re DeGroot*, 484 B.R. 311, 319 (B.A.P. 6th Cir. 2012).

Dated: July 20, 2026

**AKERMAN LLP**

/s/ *Stephen A. Smith*
Stephen A. Smith (No. 7456)
Lucian Murley (No. 4892)
222 Delaware Avenue, Ste. 1710
Wilmington, DE 19801
Telephone: (302)596-9205
Email: stephen.smith@akerman.com
            luke.murley@akerman.com

*Counsel for Live Comfortably, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, a true and correct copy of the *Objection of Live Comfortably, LLC to the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Abandon Certain Kate Spade Goods That Remain In Possession of Laufer Group International, LLC, and (II) Granting Related Relief* was served on all parties of record via CM/ECF and via electronic mail upon the following as Counsel for the Debtors and Debtors in Possession:

POTTER ANDERSON & CORROON LLP
L. Katherine Good, Esq.
Brett M. Haywood, Esq.
James R. Risener III, Esq.
Sheriden T. Hill, II, Esq.
Email: kgood@potteranderson.com
　　　　bhaywood@potteranderson.com
　　　　jrisener@potteranderson.com
　　　　shill@potteranderson.com

GOODWIN PROCTER LLP
Kizzy L. Jarashow, Esq.
(admitted *pro hac vice*)
Barry Z. Bazian, Esq.
(admitted *pro hac vice*)
Stacy Dasaro, Esq.
(admitted *pro hac vice*)
Artem Skorostensky, Esq.
(admitted *pro hac vice*)
Email: kjarashow@goodwinlaw.com
　　　　bbazian@goodwinlaw.com
　　　　sdasaro@goodwinlaw.com
　　　　askorostensky@goodwinlaw.com

*Counsel for Debtors and Debtors in Possession*

s/ *Stephen A. Smith*
Stephen A. Smith

7