**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| - - - - - - - -- - - - - - - - - - - - - - - - - - - x | | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| Simply Interior Homes, LLC, *et al.*,[1] | : | Case No. 26-10922 (CTG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket Nos. 247 & 260** |
| - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**DEBTORS' REPLY TO OBJECTION OF LIVE
COMFORTABLY, LLC TO THE DEBTORS' MOTION
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO ABANDON CERTAIN KATE SPATE GOODS
THAT REMAIN IN POSSESSION OF LAUFER GROUP
INTERNATIONAL, LLC, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

submit this reply (this "Reply") and the *Declaration of Daniel Sobel in Support of the Debtors'*

*Reply to Objection of Live Comfortably, LLC to the Debtors' Motion for Entry of an Order*

*(I) Authorizing the Debtors to Abandon Certain Kate Spade Goods that Remain in Possession of*

*Laufer Group International LLC, and (II) Granting Related Relief*, filed contemporaneously

herewith (the "Sobel Declaration"), in support of the *Debtors' Motion for Entry of an Order*

*(I) Authorizing the Debtors to Abandon Certain Kate Spade Goods that Remain in Possession of*

*Laufer Group International LLC, and (II) Granting Related Relief* [Docket No. 247] (the

"Abandonment Motion") and in response to the objection of Live Comfortably, LLC ("Live

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number include:  Simply Interior Homes, LLC (8509); Simply Interior Homes AcquisitionCo, LLC (9643); SIH Beckham Buyer, LLC (5210); SIH-HSD Holdings, LLC (5402); SIH-BB Holdings, LLC (2303); SIH-DMD Holdings, LLC (2411); and SIH-SR Holdings, LLC (1835).  The location of the Debtors' service address in these Chapter 11 Cases is 3042 Southcross Boulevard, Suite 102, Rock Hill, SC 29730.

Comfortably") to the Abandonment Motion [Docket No. 260] (the "Objection").[2]  In support of this Reply, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1.      In its Objection, Live Comfortably argues that the Court should not permit the Debtors to abandon their interests in the Abandoned Kate Spade Goods because a sale of those goods to Live Comfortably is a source of potential value and benefit to the Debtors' estates.  To that end, on July 21, 2026, after filing the Objection, Live Comfortably submitted an offer to purchase certain of the Abandoned Kate Spade Goods for an aggregate gross purchase price of $584,483.12, with payment on net 60-day terms.  The aggregate offer comprises three offer letters: the first contemplates a payment of $241,117 to the Debtors; the second contemplates a payment of $178,906.12 to creditor Faze Three Limited ("Faze Three"); and the third contemplates a payment of $164,460 to creditor Welspun Global Brands Limited ("Welspun").

2.      Live Comfortably fails to acknowledge that the Debtors will first have to borrow up to $1,000,000 under the DIP Facility (which itself will result in additional interest and fees) to (i) pay approximately $184,000 of Laufer's demurrage and other charges as of July 7, 2026, plus an estimated $3,400 of additional Laufer charges that are being incurred daily for an estimate of up to $235,000 on account of prepetition and postpetition demurrage, storage, and other charges and fees ("Laufer Claims"); (ii) pay approximately $165,000 in estimated customs duties and tariffs; and (iii) fully cash collateralize a new importation bond of up to $600,000 in order to actually clear the Abandoned Kate Spade Goods through customs and release from Laufer's possession.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Abandonment Motion or the Sobel Declaration, as applicable.

3. Moreover, $343,366.12 of Live Comfortably's proposed purchase price would go to pay the prepetition claims of Faze Three and Welspun and would generate little to no value for the entirety of the estates, leaving only $241,117 for the Debtors.

4. The effective gross sale price of $241,117 netted against the foregoing costs (excluding interest and fees under the DIP Facility) of up to $1,000,000 results in a net *negative* value of approximately $760,000 to the Debtors' estates.

5. Under these circumstances, with these goods yielding no positive value to the estates, it is no wonder the Debtors sought to abandon them. Furthermore, the costs required to release the goods are not included in the Approved DIP Budget and the DIP Lenders have advised they are not prepared to fund such amounts. Unsurprisingly, the Debtors have determined, in the exercise of their sound business judgment, that continued ownership, possession, and administration of the Abandoned Kate Spade Goods are—at best—of inconsequential value and benefit and—at worst—a burden to the Debtors' estates. Moreover, Live Comfortably will not be prejudiced by the proposed abandonment because whatever interests Live Comfortably have in the Abandoned Kate Spade Goods will remain, and Live Comfortably may freely coordinate release of the Abandoned Kate Spade Goods with Laufer and any other necessary party. Accordingly, the Court should grant the Abandonment Motion.

## REPLY

**A. The Abandoned Kate Spade Goods Are of Inconsequential Value and Benefit to the Estates.**

6. As explained in the Abandonment Motion and the Sobel Declaration, the Abandoned Kate Spade Goods are not a source of value or benefit to the Debtors' estates. In order to secure the release of the Abandoned Kate Spade Goods through customs, the Debtors will have to borrow up to $1,000,000 under the DIP Facility (which itself will accrue interest and incur fees)

(i) to fully cash collateralize a new importation bond of up to $600,000; (ii) pay up to $235,000 to Laufer on account of Laufer Claims; and (iii) pay outstanding duties and fees up to $165,000 to the U.S. Customs and Border Protection. These costs, plus the attorneys' fees already incurred in responding to the Objection plus those that will be further incurred to secure release of the Abandoned Kate Spade Goods significantly outweigh the value of the potential sale to Live Comfortably.

7.      Moreover, the case law Live Comfortably cites in its Objection is inapposite. Each case cited in paragraph 14 of the Objection involved a sale that would generate substantial value for the estate. That is not the case here. Without an offer that will realize worthwhile value for the Debtors' estates, the Abandoned Kate Spade Goods provide little to no value or benefit to the estates. Accordingly, the Debtors do not see a continued need to retain title to the Abandoned Kate Spade Goods and have determined that such goods should be abandoned.

**B.      The Abandoned Kate Spade Goods Are Burdensome to the Estate.**

8.      For similar reasons as those set forth above, the Debtors have determined, in the sound exercise of their business judgment, that the continued possession and administration of the Abandoned Kate Spade Goods is burdensome to the Debtors' estates. Each day that passes with the Abandoned Kate Spade Goods still in Laufer's possession increases Laufer's claim by an amount of approximately $3,400. With no realistic sale option available to the Debtors, and no active importation license to clear the goods through customs, the only path forward to relieve the ever-increasing burden of the Abandoned Kate Spade Goods is abandonment.

**C.      Live Comfortably Has Additional Options in the Event of Abandonment.**

9.      The Debtors' abandonment of the Abandoned Kate Spade Goods does not preclude Live Comfortably's purchase of the same. Following abandonment, Live Comfortably is free to negotiate with Laufer or the original vendors or any other necessary party regarding the purchase

4

of the Kate Spade Laufer Goods.  Accordingly, Live Comfortably will not be prejudiced by the abandonment of the Abandoned Kate Spade Goods.

## RESERVATION OF RIGHTS

10.    This Reply is submitted without prejudice to, and with a full reservation of, the Debtors' rights to raise additional arguments and supplement this Reply as necessary to appropriately address any further issues presented by parties in interest.

11.    Moreover, with respect to issues relating to the purported termination of the Letter of Authorization dated August 19, 2025, by and among Coach Services, Inc., Live Comfortably, and the Debtors (the "Letter of Authorization"), these issues are not before the Court at this time and are not relevant to the current dispute.  However, out of an abundance of caution, the Debtors reserve all rights with respect to issues relating to the Letter of Authorization.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the Proposed Order, granting the relief requested in the Abandonment Motion, and granting such other and further relief to the Debtors as the Court may deem just and proper.

[*Signature Page Follows*]

5

Dated: July 22, 2026
       Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ James R. Risener III*
L. Katherine Good (No. 5101)
Brett M. Haywood (No. 6166)
James R. Risener III (No. 7334)
Sheridan T. Hill, II (No. 7605)
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Tel: (302) 984-6000
Facsimile: (302) 658-1192
Email:  kgood@potteranderson.com
       bhaywood@potteranderson.com
       jrisener@potteranderson.com
       shill@potteranderson.com

– and –

**GOODWIN PROCTER LLP**
Kizzy L. Jarashow (admitted *pro hac vice*)
Barry Z. Bazian (admitted *pro hac vice*)
Stacy Dasaro (admitted *pro hac vice*)
Artem Skorostensky (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel: (212) 813-8800
Facsimile: (212) 355-3333
Email:  kjarashow@goodwinlaw.com
       bbazian@goodwinlaw.com
       sdasaro@goodwinlaw.com
       askorostensky@goodwinlaw.com

*Counsel for Debtors and Debtors in Possession*

6

13062458