**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :    Chapter 11

In re:                    :

                        :    Case No. 26-10922 (CTG)

Simply Interior Homes, LLC, *et al.*[1]    :

                        :    (Jointly Administered)

        Debtors.          :

                        :    **Re: Docket No. 247 & 260**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF DANIEL SOBEL IN SUPPORT
OF THE DEBTORS' REPLY TO OBJECTION OF LIVE
COMFORTABLY, LLC TO THE DEBTORS' MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ABANDON
CERTAIN KATE SPADE GOODS THAT REMAIN IN POSSESSION OF LAUFER
GROUP INTERNATIONAL LLC, AND (II) GRANTING RELATED RELIEF**

I, Daniel Sobel, hereby declare under penalty of perjury as follows:

1.      I am a Managing Director at Reflect Advisors, LLC ("Reflect"), the restructuring advisor to the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases.

2.      I submit this declaration (this "Declaration") in support of the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Abandon Certain Kate Spade Goods that Remain in Possession of Laufer Group International LLC, and (II) Granting Related Relief* [Docket No. 247] (the "Abandonment Motion")[2] and the *Debtors' Reply to Objection of Live Comfortably, LLC to the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Abandon Certain*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Simply Interior Homes, LLC (8509); Simply Interior Homes AcquisitionCo, LLC (9643); SIH Beckham Buyer, LLC (5210); SIH-HSD Holdings, LLC (5402); SIH-BB Holdings, LLC (2303); SIH-DMD Holdings, LLC (2411); and SIH-SR Holdings, LLC (1835). The location of the Debtors' service address in these chapter 11 cases is 3042 Southcross Boulevard, Suite 102, Rock Hill, SC 29730.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Abandonment Motion or the Reply, as applicable.

*Kate Spade Goods that Remain in Possession of Laufer Group International LLC, and (II) Granting Related Relief* (the "Reply"), filed contemporaneously herewith.

3.     Except as otherwise indicated herein, the statements in this Declaration are based on: (i) my personal knowledge of, and familiarity with, the Debtors' operations, finances, and restructuring efforts; (ii) my review of relevant documents and information provided to me by employees of or advisors to the Debtors; (iii) information received from the Debtors' employees or advisors working directly with me or under my supervision; and/or (iv) the Debtors' records maintained in the ordinary course of business. I am authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.     It is my understanding that Laufer Group International LLC ("Laufer") has provided non-vessel operating common carrier ("NVOCC") services to the Debtors and their affiliates.

5.     It is my understanding that Laufer operates in accordance with its tariff published with the Federal Maritime Commission and that a variety of home goods and furnishings (the "Goods") are currently in Laufer's possession to transport through customs for the Debtors.

6.     It is my understanding that Laufer is asserting a maritime lien on the Goods securing its prepetition and postpetition NVOCC services performed for the Debtors that remain unpaid.

7.     It is my understanding that Laufer asserts that, as of July 7, 2026, the outstanding amount the Debtors owe on prepetition and postpetition claims on account of the Abandoned Kate Spade Goods (not including amounts attributable to Faze Three Limited and Welspun Global Brands Limited for reasons discussed below) is approximately $235,000 (the "Laufer Claims"). It

is my understanding that the Laufer Claims accrue postpetition charges of approximately $3,400 per day, and the foregoing figure for the Laufer Claims includes an estimated amount of such accruals since July 7, 2026.

8.    It is my understanding that Laufer will not release the Goods until its prepetition and postpetition claims are paid in full.

9.    It is my understanding that the Debtors will incur estimated customs duties, tariffs, and fees of approximately $165,000 to the U.S. Customs and Border Protection (the "Expected Customs Duties and Tariffs") upon release of the Abandoned Kate Spade Goods.

10.    It is my understanding that, prior to the Petition Date, the Debtors received notice from U.S. Customs and Border Protection that the existing bond of $500,000 was deemed to be insufficient and a new continuous bond with a limit not less than $600,000 was required.

11.    It is my understanding that, prior to the Petition Date, the Debtors' active bond was rendered insufficient.

12.    It is my understanding that the Debtors' customs broker also advised that the required new bond would require full cash collateralization.

13.    It is my understanding that in the absence of an active bond, the Debtors are unable to file entry summaries and clear shipments through customs, including for the Abandoned Kate Spade Goods in Laufer's possession.

14.    It is my understanding that, in order to be able to file entry summaries and clear shipments through customs again, the Debtors will be required to fully cash collateralize a new customs bond up to $600,000 (the "Customs Bond Collateralization").

15. The Laufer Claims, the Expected Customs Duties and Tariffs, and the Customs Bond Collateralization—up to $1,000,000 in the aggregate—are not included in the Approved DIP Budget, and I understand that the DIP Lenders are not prepared to fund such amounts.

16. It is my understanding that, on July 21, 2026, Live Comfortably submitted three conditional offers to purchase certain sets of the Abandoned Kate Spade Goods in the gross aggregate amount of $584,483.12 on net 60-day terms. The first offer contemplates a payment of $241,117 to the Debtors; the second contemplates a payment of $178,906.12 to creditor Faze Three Limited ("Faze Three"); and the third contemplates a payment of $164,460 to creditor Welspun Global Brands Limited ("Welspun").  All three offers require the payment of all outstanding fees and costs.

17. Given the limited benefit to the estates as a whole of the offers to pay Faze Three and Welspun, I understand the value to the Debtors of these offers to be effectively limited to the $241,117 that would be paid directly to the Debtors.

18. Accordingly, it is my understanding that the Debtors would need to borrow up to $1,000,000 under the DIP Facility (which will accrue interest and fees) to pay (i) approximately $235,000 of Laufer Claims (including estimated daily accruals since July 7, 2026); (ii) $165,000 of Expected Customs Duties and Tariffs; and (iii) up to $600,000 on account of the Customs Bond Collateralization to sell the Abandoned Kate Spade Goods to Live Comfortably thereby generating a net *negative* value of approximately $760,000 to the Debtors' estates.

19. The Debtors do not have the liquidity to fund the release of the Abandoned Kate Spade Goods and accordingly cannot proceed with the proposed sale of the Abandoned Kate Spade Goods under the current terms.

20.    Without the ability to fund the release and importation of the Abandoned Kate Spade Goods, and given the daily storage charges and fees from Laufer, it is my belief that the Abandoned Kate Spade Goods are of little to no value or benefit to the Debtors or their estates, that the continued possession and administration of the Abandoned Kate Spade Goods is burdensome to the Debtors and their estates, and that the Abandoned Kate Spade Goods should therefore be abandoned.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated:  July 22, 2026                                            */s/ Daniel Sobel*
New York, New York                                       Name: Daniel Sobel
                                                                           Title: Managing Director

5

13064031V.8