**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Simply Interior Homes, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10922 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 405** |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINDER TO DEBTORS' SECOND EMERGENCY MOTION PURSUANT TO SECTIONS 105(a), 362, AND 365 OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER (I) COMPELLING PERFORMANCE OF ITS LOGISTICS, LLC's OBLIGATIONS UNDER AN EXECUTORY CONTRACT, (II) ENFORCING THE AUTOMATIC STAY, (III) ESTABLISHING A BRIEFING AND LITIGATION SCHEDULE FOR THE COURT TO CONSIDER AND AWARD DAMAGES TO THE DEBTORS, AND (IV) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors in possession (the "Debtors"), by and through its undersigned counsel, hereby files this joinder (this "Joinder") to the *Debtors' Second Emergency Motion Pursuant to Sections 105(a), 362, and 365 of the Bankruptcy Code for Entry of an Order (I) Compelling Performance of ITS Logistics, LLC's Obligations Under an Executory Contract, (II) Enforcing the Automatic Stay, (III) Establishing a Briefing and Litigation Schedule for the Court to Consider and Award Damages to the Debtors, and (IV) Granting Related Relief* [Docket No. 405] (the "Emergency Motion").[2] The Committee adopts the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Simply Interior Homes, LLC (8509); Simply Interior Homes AcquisitionCo, LLC (9643); SIH Beckham Buyer, LLC (5210); SIH-HSD Holdings, LLC (5402); SIH-BB Holdings, LLC (2303); SIH-DMD Holdings, LLC (2411); and SIH-SR Holdings, LLC (1835). The location of the Debtors' service address in these chapter 11 cases is 3042 Southcross Boulevard, Suite 102, Rock Hill, SC 29730.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Emergency Motion.

arguments in the Emergency Motion and respectfully requests the Court grant the Emergency Motion. In support of this Joinder, the Committee respectfully states as follows:

**JOINDER**

1. The Committee has reviewed the Emergency Motion, the contemporaneously filed *Declaration of Adam Zalev in Support of Debtors' Second Emergency Motion Pursuant to Sections 105(a), 362, and 365 of the Bankruptcy Code for Entry of an Order (I) Compelling Performance of ITS Logistics, LLC's Obligations Under an Executory Contract, (II) Enforcing the Automatic Stay, (III) Establishing a Briefing and Litigation Schedule for the Court to Consider and Award Damages to the Debtors, and (IV) Granting Related Relief* (the "Zalev Declaration"), and the Transmittal Affidavit of Brett M. Haywood in support thereof. The Committee joins in and fully supports the relief requested in the Emergency Motion, adopts the arguments set forth therein, and respectfully requests that the Court compel ITS Logistics, LLC ("ITS") to immediately resume performance under the Warehouse Agreement.

2. Unfortunately, this is not an isolated incident and is not the first time in these Chapter 11 Cases that ITS has halted performance and forced the estates into emergency motion practice. Immediately after the Petition Date, ITS refused to perform postpetition services unless it was paid in full on its approximately $1.1 million prepetition claim, while exercising control over substantially all of the Debtors' inventory, worth approximately $25 million at book value at the time. *See* Emergency Motion, ¶ 1. That dispute was resolved only after the Debtors filed the Initial Emergency Motion, the Court ordered ITS to continue performing, and the parties negotiated the stipulated order entered on July 1, 2026 [Docket No. 174]. ITS then threatened a further work stoppage on August 7, 2026, and has now shut down its services altogether as of September 10, 2026. *See* Zalev Decl., Ex. A. The pattern is clear: each time ITS perceives

leverage, it stops work and demands payment in full. Each such episode has consumed an inordinate amount of estate time, money, and professional resources that should have been devoted to maximizing creditor recoveries.

3. The Committee has been an active participant in the repeated efforts to accommodate ITS and resolve these disputes consensually, and those efforts have now been exhausted. ITS's current shutdown is indefensible. By ITS's own figures, its postpetition charges from June through August, plus its September and October estimates, total approximately $3.08 million in the aggregate, or roughly $96,000 under the amount budgeted for ITS. *See* Zalev Decl., ¶ 17. Consequently, ITS is under budget and its disputed amounts are fully reserved for through the $1.5 million Liquidation Trust Commitment, yet ITS demands "payment in full for all current and future costs before any work resumes," including on account of prepetition amounts. *See* Zalev Decl., Ex. A. That demand, made days after Debtors' counsel sent ITS's counsel the September 1 and September 8 communications identifying disputed invoices and requesting supporting detail, is not a legitimate exercise of contractual rights. It is, instead, an attempt to use the estates' own inventory as leverage to collect a disputed claim on an abbreviated timeline.

4. The harm is immediate, ongoing, irreparable, and, potentially worst of all, compounding. Moreover, the harm largely falls on unsecured creditors. The Debtors report that a backlog is building against limited staging capacity, and orders must be processed sequentially. *See* Emergency Motion, ¶ 30. The result is a materially extended liquidation timeline, potential occupancy at ITS's facilities into November, and additional administrative costs the estates never anticipated in a case that must go effective by September 21, 2026 under the DIP Milestones. Every dollar of delay cost and every cancelled order is a direct reduction in the recovery available to the Committee's constituents under the recently filed amended chapter 11 plan. The Committee

would anticipate that at some point, the costs will become so overwhelming that the Debtors will have little choice but to abandon the inventory being held hostage at ITS, to the detriment of the Estates and most notably, its creditors including the general unsecured creditors who this Committee represents.

5. Accordingly, the Committee urges the Court to grant the Emergency Motion in its entirety, compel ITS to resume performance immediately, and establish the requested briefing and litigation schedule so that the question of damages and sanctions for ITS's stay violations can be adjudicated in an orderly manner.

## **RESERVATION OF RIGHTS**

6. Nothing contained herein shall constitute a waiver of any rights or remedies of the Committee, including, without limitation, the right to (i) amend, modify, or supplement this Joinder, or (ii) raise any additional arguments at a later date, including at any hearing on the Emergency Motion or damages relating thereto.

7. This Joinder is further submitted without prejudice to, and with a full reservation of, the Committee or any successor of the Debtors' claims, defenses, and remedies, including setoff, recoupment, the right to file an objection to any claim of ITS, and to introduce evidence at any hearing related to such objection to the extent necessary. Nothing in this Joinder shall in any way limit any rights of the Committee or any successor to the Debtors.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that this Court grant the Emergency Motion in its entirety and grant such other and further relief as the Court deems just and proper.

[*Remainder of page is intentionally left blank*]

Dated: September 11, 2026
Wilmington, DE

**LOWENSTEIN SANDLER LLP**

*/s/ Shanti M. Katona*
Shanti M. Katona (DE Bar No. 5352)
Michael V. DiPietro (DE Bar No. 6781)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(973) 597-2500
skatona@lowenstein.com
mdipietro@lowenstein.com

-and-

Jeffrey L. Cohen (admitted *pro hac vice*)
Gianfranco Finizio (admitted *pro hac vice*)
Eric J. Seltzer (admitted *pro hac vice*)
1251 Avenue of the Americas, 17th Floor
New York, NY 10020
(212) 262-6700
jcohen@lowenstein.com
gfinizio@lowenstein.com
eseltzer@lowenstein.com

*Counsel to the Official Committee of Unsecured Creditors*